1  Frances H. Yoshimura (SBN 124325)
2  JOSEPH COSTELLA & ASSOCIATES
   215 Lennon Lane, Suite 200
3  Walnut Creek, CA  94598          E-filing
   Tel:  (925) 945-4491
4  Fax: (925) 945-4454

**FILED**

5  Attorneys for Defendant
                                        MAR - 7 2008
6  FEDERAL RESERVE BANK OF SAN FRANCISCO,
   incorrectly sued as FEDERAL RESERVE BANK          RICHARD W. WIEKING
                                                 CLERK, U.S. DISTRICT COURT
7                                              NORTHERN DISTRICT OF CALIFORNIA

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**            *JCS*

10                        CV  08        1324

11  MEKHELYA SCHINDLER          (Superior Court for the County of
                                San Francisco Case No: CGC06- 458615)
12              Plaintiff

13      Vs.                        NOTICE OF REMOVAL OF ACTION
                                   UNDER 28 U.S.C. § 1441(b) and
14  CITY AND COUNTY OF SAN         12 U.S.C. § 632
15  FRANCISCO, DEPARTMENT OF              [FEDERAL QUESTION]
    PUBLIC WORKS, FEDERAL RESERVE
16  BANK, EQUITY PARTNERS, EOP 60
17  SPEAR STREET, LLC; EQUITY OFFICE
    PROPERTIES MANAGEMENT
18  CORPORATION
19              Defendants
                            /
20

21      PLEASE TAKE NOTICE that Defendant FEDERAL RESERVE BANK OF SAN

22  FRANCISCO incorrectly sued as FEDERAL RESERVE BANK, hereby removes to this

23  Court the state court action described below.

24      1. On December 11, 2006, an action was commenced in the Superior Court of the

25  State of California, in and for the City and County of San Francisco, entitled MEKHELYA

26  SCHINDLER v. CITY AND COUNTY OF SAN FRANCISCO, et al., case number CGC06-

27  458615, attached hereto as Exhibit A.

28

                                 -1-

2. The first date upon which defendant FEDERAL RESERVE BANK OF SAN FRANCISCO, incorrectly sued as FEDERAL RESERVE BANK, received said Complaint was November 1, 2007. Defendant filed an answer to the Complaint on December 21, 2007. A copy of the answer to the complaint is attached hereto as Exhibit B.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1441 (b) and is one which may be removed to this Court by defendant at any time before trial pursuant to the provisions of 12 U.S.C. § 632. Defendant FEDERAL RESERVE BANK OF SAN FRANCISCO is exempt from the 28 U.S.C. § 1446 thirty day time limitation for removal. 12 U.S.C § 632; *Hill v. Citicorp, et al.* S.D.N.Y (1992) 804 F. Supp. 514, 515-516. No trial date has been set in the State Court.

4. All other defendants who have been served with summons and complaint have joined in this Notice of Removal, as evidenced by the Joinders of defendants CITY AND COUNTY OF SAN FRANCISCO and EQUITY OFFICE MANAGEMENT, LLC, incorrectly sued as EQUITY OFFICE PROPERTIES MANAGEMENT CORP. and filed with the court are attached as Exhibit C.

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon defendant FEDERAL RESERVE BANK OF SAN FRANCISCO, incorrectly sued as FEDERAL RESERVE BANK are attached hereto as Exhibit D.

Dated: January 16, 2008

LAW OFFICES OF JOSEPH COSTELLA

By: _____

FRANCES H. YOSHIMURA, ESQ
Attorneys for Defendant
FEDERAL RESERVE BANK OF SAN
FRANISCO, incorrectly sued as FEDERAL
RESERVE BANK

-2-

# EXHIBIT A

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
CITY AND COUNTY OF SAN FRANCISCO, DEPARTMENT OF
PUBLIC WORKS, FEDERAL RESERVE BANK, EQUITY PARTNERS,
60 SPEAR STREET, EOF-60 SPEAR, L.L.C., EQUITY OFFICE
PROPERTIES MANAGEMENT CORP., DOES 1 to 100
YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
MEKHSLYA SCHINDLER

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es): | (Número del Caso): |
| SAN FRANCISCO SUPERIOR COURT, Unlimited Jurisdiction | CGC-06 458615 |
| 400 McAllister Street, San Francisco, CA 94102 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
VICTOR LIPOVETSKY, ESQ., SBN 170962, THE VELAN LAW FIRM, A Professional Corporation
3701 Geary Blvd., Suite 101, San Francisco, California 94118 415-379-9300, FAX 415-379-9343

DATE:     DEC 1 1 2006     GORDON PARK-LI     Clerk, by _____, Deputy
(Fecha)                    (Secretario)          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): FEDERAL RESERVE BANK
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other (specify): PUBLIC ENTITY
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

OCT-31-2007 WED 01:09 PM Albert G. Stoll's Office     FAX NO. 41       1501     P. 05
2/13/06 04:42PM  ONELE851 CR-AS VELAN LAW FIRM        4153799343 Pg 4/27

NY HOUS , ABDI1421 - IN DISTRICT

982-1(1)

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>VICTOR LIPOVETSKY, SBN 170962<br>VELAN LAW FIRM, A Professional Corporation<br>3701 Geary Blvd., Suite 101, San Francisco, CA 94118<br><br>TELEPHONE NO: 415-379-9300    FAX NO (optional): 415-379-9343<br>E-MAIL ADDRESS (Optional): vclanlawfirm@yahoo.com<br>ATTORNEY FOR (Name): Plaintiff. MEKHELYA SCHINDLER | **ENDORSED**<br>**FILED**<br>San Francisco County Superior Court<br><br>DEC 13 2006<br><br>GORDON PARK-LI, Clerk<br>BY ___ CHRISTINA F. BAUTISTA<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS:
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: UNLIMITED JURISDICTION

PLAINTIFF: MEKHELYA SCHINDLER

DEFENDANT: CITY AND COUNTY OF SAN FRANCISCO,
(See next page for additional parties)
☑ DOES 1 TO 100,inclusive

**CASE MANAGEMENT CONFERENCE SET**

**MAY 11 2007 -9ᵗʰ AM**

**DEPARTMENT 212**

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>☐ AMENDED (Number): | |
|---|---|
| Type (check all that apply):<br>☐ MOTOR VEHICLE   ☑ OTHER (specify): Premises Liability<br>☐ Property Damage  ☐ Wrongful Death<br>☑ Personal Injury  ☐ Other Damages (specify): | |
| Jurisdiction (check all that apply):<br>☐ ACTION IS A LIMITED CIVIL CASE<br>Amount demanded ☐ does not exceed $10,000<br>☐ exceeds $10,000, but does not exceed $25,000<br>☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint<br>☐ from limited to unlimited<br>☐ from unlimited to limited | CASE NUMBER:<br><br>CGC06- 458615 |

1. Plaintiff (name or names): MEKHEYLA SCHINDLER

alleges causes of action against defendant (name or names): City and County of San Francisco, Department of Public Works, Federal Reserve Bank, Equity Partners, 60 Spear Street, EOP—60 Spear,LLC, et al.

2. This pleading, including attachments and exhibits, consists of the following number of pages: 8

3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor  ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):
   b. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor  ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use<br>Judicial Council of California<br>982.2(1) [Rev. January 1, 2006]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Page 1 of 3

OCT-31-2007 WED 01:0? ?? Albert G. Stoll's Office    FAX NO. 41? ??501    P. 08

PLD-PI-001(?)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| SCHINDLER V. CITY AND COUNTY OF SAN FRANCISCO, et al. | |

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

     Francisco      Federal Reserve Bank

   a. ☑ except defendant (name): City and County of San c. ☒ except defendant (name):
   (1) ☐ a business organization, form unknown    (1) ☒ a business organization, form unknown
   (2) ☐ a corporation    (2) ☐ a corporation
   (3) ☐ an unincorporated entity (describe):    (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):    (4) ☐ a public entity (describe):
        Municipal District    (5) ☐ other (specify):
   (5) ☐ other (specify):

   b. ☑ except defendant (name): Dept. of Public Works d. ☑ except defendant (name): Equity Partners
   (1) ☐ a business organization, form unknown    (1) ☐ a business organization, form unknown
   (2) ☐ a corporation    (2) ☐ a corporation
   (3) ☐ an unincorporated entity (describe):    (3) ☐ an unincorporated entity (describe):

   (4) ☑ a public entity (describe):    (4) ☐ a public entity (describe):
        Municipal District    (5) ☐ other (specify):
   (5) ☐ other (specify):

   ☒ Information about additional defendants who are not natural persons is contained in Attachment 5.

5. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants (specify Doe numbers): Does 41 to 60 _____ were the agents or employees of other
   named defendants and acted within the scope of that agency or employment.
   b. ☑ Doe defendants (specify Doe numbers): Does 61 to 90 _____ are persons whose capacities are unknown to
   plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☑ at least one defendant now resides in its jurisdictional area.
   b. ☑ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☑ other (specify):
        The accident occurred in San Francisco, California

9. ☑ Plaintiff is required to comply with a claims statute, and
   a. ☑ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

PLD-PI-001 [Rev. January 1, 2007]      **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**      Page 2 of 3

982.1(1)

| SHORT TITLE: SCHINDLER V. CITY AND COUNTY OF SAN FRANCISCO, et al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☑ Premises Liability
   f. ☐ Other (specify):

11. Plaintiff has suffered
   a. ☐ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☑ other damage (specify):
       Such other further relief as the Court deems proper.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit, for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
       (2) ☐ punitive damages
       The amount of damages is (in cases for personal injury or wrongful death, you must check (1)):
       (1) ☐ according to proof
       (2) ☐ in the amount of $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers):
    Paragraphs 1 through 15, First Cause of Action (GN-1);
    and Second Cause of Action (Prem. L-1 through Prem. L-5)

Date: December 5, 2006

VICTOR LIPOVETSKY
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

982.1(1)[Rev. January 1, 2007]    COMPLAINT—Personal Injury, Property    Page 3 of 3
                                   Damage, Wrongful Death

| SHORT TITLE: SHINDLER V. CITY AND COUNTY OF SAN FRANCISCO, et al. | CASE NUMBER: |
|---|---|

__FIRST__     CAUSE OF ACTION—General Negligence     Page __4__

ATTACHMENT TO ☑ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff (name): MEKHELYA SCHINDLER

alleges that defendant (name): CITY AND COUNTY OF SAN FRANCISCO, DEPARTMENT OF PUBLIC WORKS, FEDERAL RESERVE BANK, EQUITY PARTNERS, 60 SPEAR STREET, EOP-60 SPEAR, L.L.C., EQUITY OFFICE PROPERTIES MANAGEMENT CORP.,

☑ Does __1__ to __100__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on (date): November 13, 2006
at (place): Sidewalk located near bus stop at 100 block Mission Street between Spear and Main Streets, San Francisco, California.

*(description of reasons for liability):*

At that time and location, Plaintiff was a pedestrian walking on the sidewalk maintained and owned by the Defendants. There were no signs posted or warnings of any kind, and the area was not blocked off. The area was not properly maintained, inspected, not properly timely fixed, not kept in good order, and not kept up to the Code thereby in violation of the Code. As a result of these conditions, there was a broken and uneven sidewalk, and he was walking on the sidewalk in this area over which he tripped. As a result, this caused Plaintiff to be thrown off balance and suddenly to fall down causing multiple serious injuries.

Plaintiff is informed and believes that the Defendants as well as any of their employees would be aware of the dangerous condition. The Defendants created the dangerous condition of ___; property by their own actions as described above. The Defendants allowed the dangerous condition to exist and go on. Defendants failed to properly hire, train, and supervise their said employees and their actions. The Defendants by disregarding their responsibilities have created a hazardous condition in not repairing the uneven surface of the sidewalk or giving any warnings to the public. Defendants were aware of the above-described dangerous condition, and/or should have been aware. Plaintiff is informed and believes that the Defendants' employees failed to safeguard the public against infliction of injury on their property.

Plaintiff claims that Defendants were negligent in that Defendants owed a legal duty to use due care, but failed to do so thereby breaching their duty, and proximately causing Plaintiff's injury. The negligence consisted of misfeasance or nonfeasance. The Defendants, and each of them, had negligently maintained the condition of the sidewalk and knew or should have known of the danger and failed to repair the defect or warn Plaintiff and the general public.

Plaintiff claims that Defendants had either actual or constructive notice of a dangerous condition and failed to warn and protect Plaintiff against the harm suffered. There were no signs posted nor was the area blocked off in any way and failed to warn the pedestrians of the dangerous condition of the roadway.

Defendants failed to warn the public of the dangerous condition in that that they do not engage in proper hiring, do not properly investigate employees' background upon hiring, and do not properly train and supervise their employees.     *(continued next page)*

CAUSE OF ACTION—General Negligence

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| — SCHLINDER V. CITY AND COUNTY OF SAN FRANCISCO, et al | |

1

2

3 | **FIRST CAUSE OF ACTION - CONTINUED**

4 | The Defendants was negligent in not properly hiring and investigating their employees' backgrounds. The

5 | Defendants did not properly train their employees and did not inquire that their employees do not engage
in such callous/reckless conduct.

6 | The name or names of the public employees causing the injury, damage, or loss is unknown to Plaintiff.

7 | However, as to said employees, Plaintiff claims that the negligence of said employee is imputed to
respondent herein based on the doctrine of respondent superior.

8 | The name or names of the independent contractors causing the injury, damage, or loss is unknown to

9 | Plaintiff. However, as to said independent contractors, Plaintiff claims that the negligence of said
independent contractors is also imputed to respondent herein based on the doctrine of respondent superior,

10 | agency-principal or vicarious liability principals

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 | *(Required for verified pleading) The items on this page stated on information and belief are specify item numbers, not line
numbers:*

27 | This page may be used with any Judicial Council form or any other paper filed with the court.    Page 4A

KY?9 0?11 3002/1/21 - ?\??61?01

| SHORT TITLE: SCHLINDLER V. CITY AND COUNTY OF SAN FRANCISCO, et al. | CASE NUMBER: |
|---|---|

SECOND
(Number)
CAUSE OF ACTION—Premises Liability    Page    5

ATTACHMENT TO ☑ Complaint    ☐ Cross-Complaint

(Use a separate cause of action form for each cause of action.)

Prem.L-1,    Plaintiff (name): **Mekhelya Schindler**
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On (date):    November 13, 2005    plaintiff was injured on the following premises in the following
fashion (description of premises and circumstances of injury):
At that time and location, Plaintiff was a pedestrian walking on the sidewalk maintained and
owned by the Defendants. There were no signs posted or warnings of any kind, and the area was
not blocked off. The area was not property maintained, inspected, not properly timely fixed, not
kept in good order, and not kept up to the Code thereby in violation of the Code. As a result of
these conditions, there was a broken and uneven sidewalk, and be was walking on the sidewalk
in this area over which he tripped. As a result, this caused Plaintiff to be thrown off balance and
suddenly to fall down causing multiple serious injuries.
Plaintiff incorporates herein all statements described in the First Cause of Action as though fully
set forth herein.

Prem.L-2.    ☑ Count One—Negligence The defendants who negligently owned, maintained managed and operated
the described premises were (names):
City and County of San Francisco, Department of Public Works, Federal Reserve Bank, Equity
Partners, 60 Spear Street, EOP-60 Spear, L.L.C., Equity Office Property Management Corp.,
☑ Does _____ 1 _____ to _____ 20 _____.

Prem.L-3.    ☑ Count Two—Willful Failure to Warn [Civil Code section 846] The defendant owners who willfully or
maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
(names): City and County of San Francisco, Department of Public Works, Federal Reserve Bank,
Equity Partners, 60 Spear Street, L.L.C., Equity Office Property Manage
☑ Does _____ 21 _____ to _____ 40 _____.
Plaintiff, a recreational user, was    ☐ an invited guest    ☐ a paying guest.

Prem.L-4.    ☑ Count Three—Dangerous Condition of Public Property The defendants who owned public property
on which a dangerous condition existed were (names):
City and County of San Francisco, Department of Public Works, Federal Reserve Bank, Equity
Partners, 60 Spear Street, L.L.C., Equity Office Property Management Corp.,
☑ Does _____ 41 _____ to _____ 60 _____.
a. ☑ The defendant public entity had    ☑ actual    ☑ constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. ☑ The condition was created by employees of the defendant public entity.

Prem.L-5.    a. ☑ Allegations about Other Defendants The defendants who were the agents and employees of the
other defendants and acted within the scope of the agency were (names):
City and County of San Francisco, Department of Public Works, Federal Reserve Bank, Equity
Partners, 60 Spear Street, L.L.C., Equity Office Property Management Corp.,
☑ Does _____ 61 _____ to _____ 80 _____.
b. ☑ The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
☐ described in attachment Prem.L-5 b    ☑ as follows (names):
City and County of San Francisco, Department of Public Works, Federal Reserve Bank, Equity
Partners, 60 Spear Street, EOP-60 Spear, L.L.C., Equity Office Property Management Corp., Does
91 to 100.

Form Approved by the
Judicial Council of California
[Effective January 1, 1982]
Form 982.14(2)

CAUSE OF ACTION—Premises Liability

OCS 456.11
[Legal Solutions Inc.]

NYKLEN JOZNE) ATENDED

MC-025

| SHORT TITLE: SCHINDLER V. CITY AND COUNTY OF SAN FRANCISCO, et al. | CASE NUMBER: |
|---|---|

ATTACHMENT (Number): ___1___     Page 1A of 8

(This Attachment may be used with any Judicial Council form.)    (Add pages as required)

1

2

3   Complaint - Page 1 continued

4

5   Defendants continued ----

6   DEPARTMENT OF PUBLIC WORKS, FEDERAL RESERVE BANK, EQUITY PARTNERS, 60
7   SPEAR STREET, EOP-60 SPEAR, L.L.C., EQUITY OFFICE PROPERTIES
    MANAGEMENT CORP.,   Page 1 DTO

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   (If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under
    penalty of perjury.)

| Form Approved for Optional Use Judicial Council of California MC-025 [Rev. July 1, 2007] | ATTACHMENT to Judicial Council Forms | Cal. Rules of Court, rule 201 |
|---|---|---|



| SHORT TITLE: SCHINDLER v. CITY AND COUNTY OF SAN FRANCISCO, et al. | CASE NUMBER: | MC-025 |



ATTACHMENT (Number:   5
(This Attachment may be used with any Judicial Council form.)

page 2 of 8
(Add pages as required)

COMPLAINT CONTINUED  PAGE 2  - Attachment No. 5

5. Each defendant named above is a natural person

c. except defendant (name): 60 SPEAR STREET
(1) X  a business organization, form unknown
(2)    a corporation
(3)    an unincorporated entity (describe):
(4)    a public entity (describe):
(5)    other (specify):

f. except defendant (name): EOP-60 SPEAR, L.L.C
(1)    a business organization, form unknown
(2)    a corporation
(3)    an unincorporated entity (describe):
(4)    a public entity (describe):
(5) X  other (specify):  Limited Liability Company

g. except defendant (name): EQUITY OFFICE PROPERTY MANAGEMENT CORP.
1)    a business organization, form unknown
2) X  a corporation
3)    an unincorporated entity (describe):
4)    a public entity (describe):
5)    other (specify):

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

ATTACHMENT
to Judicial Council Form

OCT-31-2007 WED 01:09  Albert G. Stoll's Office    FAX NO. 415 ___ 1501    P. 04
12/11/06 04:42PM  ONELE851 CR-AS VELAN LAW FIRM        4153788343 PG 5/27

VICTOR LIPOVETSKY, ESQ., SBN 170662
VELAN LAW FIRM, A Professional Corporation
3760 Court Blvd., Suite 161, San Francisco, CA 94111
TELEPHONE NO.:  415-379-9300    FAX NO.:  415-379-9343
ATTORNEY FOR: PLAINTIFF, MIKHELYA SCHINDLER

ENDORSED
FILED
San Francisco County Superior Court

DEC 1 1 2006

GORDON PARK-LI, Clerk
BY:  CRISTINA L. BAUTISTA
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS:  400 McAllister Street
CITY AND ZIP CODE:  San Francisco, CA 94102
BRANCH NAME:  UNLIMITED JURISDICTION

CASE NAME:
SCHINDLER V. CITY AND COUNTY OF SAN FRANCISCO, et al.

CIVIL CASE COVER SHEET

CASE NUMBER
CGC-06-458615

**CIVIL CASE COVER SHEET**

TOTAL P.12

# EXHIBIT B

1     Frances H. Yoshimura (SBN 124325)

2     Donald K. Bussiere (SBN 75981)
     JOSEPH COSTELLA & ASSOCIATES

3     215 Lennon Lane, Suite 200
     Walnut Creek, CA  94598

4     Tel:  (925) 945-4491

5     Fax: (925) 945-4454

6     Attorneys for Defendant
     FEDERAL RESERVE BANK OF SAN FRANCISCO

7     (sued herein as FEDERAL RESERVE BANK)

8

**FILE BY FAX**
ENDORSED
F I L E D
*San Francisco County Superior Court*

DEC 2 1 2007

GORDON PARK-LI, Clerk
BY: _____ MICHAEL RAYRAY _____
               Deputy Clerk

9             SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF SAN FRANCISCO

11

12     MEKHELYA SCHINDLER             Case No: CGC06-458615

13              Plaintiff         **ANSWER OF FEDERAL RESERVE**

14             Vs.                **BANK OF SAN FRANCISCO TO**
                                         **UNVERIFIED COMPLAINT**

15

16     CITY AND COUNTY OF SAN
     FRANCISCO, DEPARTMENT OF

17     PUBLIC WORKS, FEDERAL RESERVE
     BANK, EQUITY PARTNERS, EOP 60

18     SPEAR STREET, LLC; EQUITY OFFICE
     PROPERTIES MANAGEMENT

19     CORPORATION

20              Defendants

21

22         Defendant FEDERAL RESERVE BANK OF SAN FRANCISCO (sued herein as

23    FEDERAL RESERVE BANK, hereinafter "answering Defendant"), answers the Complaint

24    for personal injuries of plaintiff herein, herewith denies each and every, all and singular, the

25    allegations of the Complaint and, in this connection, defendant denies that plaintiff has been

26    injured or damaged in any of the sums mentioned in the complaint, or in any sum, or at all,

27    as a result of any act or omission of this defendant.

28

-1-

ANSWER OF FEDERAL RESERVE BANK OF SAN FRANCISCO TO UNVERIFIED COMPLAINT

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE, this answering
defendant alleges that the complaint herein fails to state facts sufficient to constitute a cause
of action against this answering defendant.

AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this
answering defendant alleges that plaintiff's complaint, and each cause of action stated
therein, is barred by the applicable statute of limitations, including, but not limited to,
California Code of Civil Procedure §§ 312, 340 and 343 and the California Uniform
Commercial Code §§ 2607(3)(a) and 2725(1)(2).

AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this
answering defendant alleges that the complaint, and each cause of action stated therein, is
ambiguous and uncertain.

AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this
answering defendant alleges that the plaintiff has unreasonably delayed the commencement
of this action to the prejudice of this answering defendant, whereby the complaint, and each
cause of action is barred by the Doctrine of Laches.

AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this
answering defendant alleges that the plaintiff herself was careless and negligent in and about
the matters alleged in the complaint that the carelessness and negligence on plaintiff's own
part proximately contributed to the happening of the incident and to the injuries, loss and
damage complained of, if any there were. Should plaintiff recover damages, defendant is
entitled to have the amount thereof, abated, reduced or eliminated to the extent that
plaintiff's negligence caused or contributed to his damages, if any.

AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this
answering defendant alleges that plaintiff assumed the risk, if any there were, at the time and
place of the incident referred to in the complaint, and that whatever the conditions were at
the time and place, those conditions were obvious and clearly discernible, and in fact known

-2-

1    by the plaintiff, and that the assumption of the risk resulted in the plaintiff's damages, if any

2    there were.

3        AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this

4    answering defendant alleges that the plaintiff failed to exercise reasonable care and diligence

5    to mitigate his damages, if any.

6        AS A EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this

7    answering defendant alleges that the parties to this action, other than this answering

8    defendant, were negligently or legally responsible, or otherwise at fault, for any damages

9    alleged in the complaint, which damages are herein denied, and therefore in the event of any

10   liability, whether by settlement or judgment, in favor of any other party against this

11   answering defendant, an apportionment of fault should be made as to all parties by the court

12   or a jury, and this answering defendant requests a judgment and declaration of partial

13   indemnification and contribution against all other parties, or persons in accordance with the

14   apportionment of fault between the parties.

15

16       AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this

17   answering defendant alleges that the injuries sustained by plaintiff were either wholly or in

18   part, negligently caused by persons, firms, corporations or entities other than this answering

19   defendant, and said negligence is either imputed to plaintiff by reason of their relationship of

20   those individuals or entities to plaintiff and/or the negligence comparatively reduces the

21   percentage of negligence, if any, by this answering defendant.

22       AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this

23   answering defendant denies the existence of a dangerous or defective condition, but if such

24   condition did exist it was open, obvious and readily apparent and avoidable to a reasonable

25   person acting in due regard for his own safety.

26

27

28

-3-

ANSWER OF FEDERAL RESERVE BANK OF SAN FRANCISCO TO UNVERIFIED COMPLAINT

1       AS A ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this

2  answering defendant denies the existence of a dangerous or defective condition, but if such

3  condition existed Defendants did not have notice thereof prior to the occurrence of the

4  incident complained of.

5       AS A TWELFTH , SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this

6  answering defendant alleges the condition complained of, if any, was so trivial in nature that

7  it did not present a risk of harm to a reasonable person acting with due regard for his own

8  safety.

9       AS A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

10  this answering defendant alleges that the plaintiff herein has expressly and implied waived

11  all claims arising from the allegations of the complaint and from each and every cause of

12  action contained therein.

13  

14       WHEREFORE, this answering defendant prays:

15       1.     Plaintiff takes nothing by reason of his complaint on file herein;

16       2.     Defendant be awarded its costs of suit; and

17       3.     For such other and further relief as may be deemed appropriate by this Court

18  

19  Dated: 12-20-07             JOSEPH COSTELLA & ASSOCIATES

20  

21                 By:     _____

                       DONALD K. BUSSIERE

22                         Attorney for Defendant

                       FEDERAL RESERVE BANK

23  

24  

25  

26  

27  

28  

                                    -4-

# PROOF OF SERVICE

## *SCHINDLER v. CITY AND COUNTY OF SAN FRANCISCO*
SAN FRANCISCO County Superior Court Case No.: CGC 06-458615

I, the undersigned, declare that I am over the age of eighteen (18) years, and not a party to the within entitled action. I am employed at JOSEPH COSTELLA & ASSOCIATES, 215 Lennon Lane, Suite 200, Walnut Creek, CA 94596. On the date listed below, I caused the following document(s) to be served:

**ANSWER OF FEDERAL RESERVE BANK OF SAN FRANCISCO TO UNVERIFIED COMPLAINT**

on the parties in said cause, by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| ALBERT G. STOLL | **Plaintiff's Attorney** |
| 55 FRANCISCO STREET, SUITE 403 | |
| SAN FRANCISCO, CA 94133 | Tel.: |
| 415.576.1500; | Fax: |
| 415.576.1501 | |
| | |
| Bradley R. Larson | **Attorney for Equity Partners** |
| GREVE, CLIFFORD, WENGEL & PARAS, LLP | |
| 2870 GATEWAY OAKS DRIVE, | |
| SUITE 210 | |
| SACRAMENTO, CA 958334324 | |
| (916) 443-2011 | |

☑ **BY MAIL** Having full knowledge of the outgoing mail system at this firm, in that all mail in the outgoing mail basket is deposited each evening in the United States Mail, in the City of Walnut Creek, State of California, I enclosed a true copy of said document(s) in a sealed envelope, with fully-paid postage thereon in the outgoing mail basket.

( ) **BY PERSONAL SERVICE** I caused each such envelope to be delivered by hand to the addressee(s) noted above.

( ) **BY FACSIMILE** I caused the said document to be transmitted by Facsimile machine to the number indicated above.

( ) **BY EXPRESS MAIL** I caused each such envelope to be deposited into a designated Federal Express mail box for pick up on the date of execution of this declaration.

I declare under penalty of perjury that the foregoing is true and correct. Executed on 12/20/2007 at Walnut Creek, California.

KAREN PAYNE-DRAKE

# EXHIBIT C

1  Frances H. Yoshimura (SBN 124325)
   Donald K. Bussiere (SBN 75981)
2  JOSEPH COSTELLA & ASSOCIATES
3  215 Lennon Lane, Suite 200
   Walnut Creek, CA 94598
4  Tel:  (925) 945-4491
5  Fax:  (925) 945-4454

6  Attorneys for Defendant
   FEDERAL RESERVE BANK OF SAN FRANCISCO,
7  incorrectly sued as FEDERAL RESERVE BANK

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11
    MEKHELYA SCHINDLER                    Case No:
12
                                          JOINDER IN NOTICE OF
13                 Plaintiff              REMOVAL OF ACTION

14         Vs.

15  CITY AND COUNTY OF SAN
    FRANCISCO, DEPARTMENT OF
16  PUBLIC WORKS, FEDERAL RESERVE
17  BANK, EQUITY PARTNERS, EOP 60
    SPEAR STREET, LLC; EQUITY OFFICE
18  PROPERTIES MANAGEMENT
    CORPORATION
19                       Defendants
20  _____/

21         Defendant EQUITY OFFICE MANAGEMENT, LLC, incorrectly sued and served as

22  EQUITY OFFICE PROPERTIES MANAGEMENT CORP. hereby joins in defendant

23  FEDERAL RESERVE BANK OF SAN FRANCISCO's Notice of Removal to this Court of

24  the state court action described in the said Notice of Removal.

25                              GREVE, CLIFFORD, WENGEL & PARAS, LLP
26  Dated: December 21 , 2007

27                    By:

28                         BRADLEY R. LARSON, ESQ
                           Attorney for Defendant
                           EQUITY OFFICE MANAGEMENT, LLC

                              -1-

1   Frances H. Yoshimura (SBN 124325)
2   Donald K. Bussiere (SBN 75981)
    JOSEPH COSTELLA & ASSOCIATES
3   215 Lennon Lane, Suite 200
    Walnut Creek, CA 94598
4   Tel: (925) 945-4491
5   Fax: (925) 945-4454

6   Attorneys for Defendant
    FEDERAL RESERVE BANK OF SAN FRANCISCO
7

8                UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11   MEKHELYA SCHINDLER          Case No:
12

13          Plaintiff         JOINDER IN NOTICE OF
                          REMOVAL OF ACTION
14     Vs.

15   CITY AND COUNTY OF SAN
16   FRANCISCO, DEPARTMENT OF
    PUBLIC WORKS, FEDERAL RESERVE
17   BANK, EQUITY PARTNERS, EOP 60
    SPEAR STREET, LLC: EQUITY OFFICE
18   PROPERTIES MANAGEMENT
19   CORPORATION
             Defendants
20   _____/

21       Defendant CITY AND COUNTY OF SAN FRANCISCO hereby joins in defendant

22   FEDERAL RESERVE BANK OF SAN FRANCISCO's Notice of Removal to this Court of

23   the state court action described in the said Notice of Removal.

24

25

26   Dated: December 20, 2007

27          By:

28                 KIMBERLY BLISS
                Attorney for Defendant
                CITY AND COUNTY OF SAN FRANCISCO

                    -1-

# EXHIBIT D

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

*(SOLO PARA USO DE LA CORTE)*

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
CITY AND COUNTY OF SAN FRANCISCO, DEPARTMENT OF
PUBLIC WORKS, FEDERAL RESERVE BANK, EQUITY PARTNERS,
60 SPEAR STREET, EOP-60 SPEAR, L.L.C., EQUITY OFFICE
PROPERTIES MANAGEMENT CORP., DOES 1 to 100
YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MEKHELYA SCHINDLER

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* CGC06 458615 |
|---|---|

SAN FRANCISCO SUPERIOR COURT, Unlimited Jurisdiction
400 McAllister Street, San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
VICTOR LIPOVETSKY, ESQ., SBN 170962, THE VELAN LAW FIRM, A Professional Corporation
3701 Geary Blvd., Suite 101, San Francisco, California 94118  415-379-9300, FAX 415-379-9343

| DATE: DEC 1 1 2006 *(Fecha)* | GORDON PARK-LI Clerk, by *(Secretaria)* | CHRISTINE DIGUISTO Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* FEDERAL RESERVE BANK

   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [X] other *(specify):* PUBLIC ENTITY
4. [X] by personal delivery on *(date):*

*Page 1 of 1*

SUMMONS

Code of Civil Procedure §§ 412.20, 465

NY H2G.. ABZ71UR1 -N PSD2O2I

982-1(5)

VICTOR I JPOYETSKY, SBN 170962
VELAN LAW FIRM, A Professional Corporation
3701 Geary Blvd., Suite 101, San Francisco, CA 94118

TELEPHONE NO. 415-379-9300    FAX NO. 415-379-0343
E-MAIL ADDRESS (Optional) velanlawfirm@yahoo.com
ATTORNEY FOR (Name) Plaintiff MEKHELYA SCHINDLER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS:
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: UNLIMITED JURISDICTION

PLAINTIFF: MEKHELYA SCHINDLER

DEFENDANT: CITY AND COUNTY OF SAN FRANCISCO,
(See next page for additional parties)
[✓] DOES 1 TO 100 Inclusive

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
   [ ] AMENDED (Number):
Type (check all that apply):
[ ] MOTOR VEHICLE   [✓] OTHER (specify): Premises Liability
   [ ] Property Damage    [ ] Wrongful Death
   [✓] Personal Injury    [ ] Other Damages (specify):

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
   Amount demanded [ ] does not exceed $10,000
     [ ] exceeds $10,000, but does not exceed $25,000
[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
   [ ] from limited to unlimited
   [ ] from unlimited to limited

ENDORSED
F I L E D
San Francisco County Superior Court

DEC 2 3 2006

GORDON PARK-LI, Clerk
BY ____ CRISTINA R. BAUTISTA
            Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

MAY 1 1 2007 -9:00 AM

DEPARTMENT 212

CASE NUMBER:

CGC06- 458615

1. Plaintiff (name or names): MEKHEYLA SCHINDLER

alleges causes of action against defendant (name or names): City and County of San Francisco, Department of
Public Works, Federal Reserve Bank, Equity Partners, 60 Spear Street, BOP-60 Spear, LLC, et al.

2. This pleading, including attachments and exhibits, consists of the following number of pages:   8

3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff (name):
     (1) [ ] a corporation qualified to do business in California
     (2) [ ] an unincorporated entity (describe):
     (3) [ ] a public entity (describe):
     (4) [ ] a minor [ ] an adult
       (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
       (b) [ ] other (specify):
     (5) [ ] other (specify):
   b. [ ] except plaintiff (name):
     (1) [ ] a corporation qualified to do business in California
     (2) [ ] an unincorporated entity (describe):
     (3) [ ] a public entity (describe):
     (4) [ ] a minor [ ] an adult
       (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
       (b) [ ] other (specify):
     (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
982.1(10) Rev. January 1, 2003

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Page 1 of 2

PLD-PI-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| SCHINDLER V. CITY AND COUNTY OF SAN FRANCISCO, et al. | |

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name): City and County of San c. ☒ except defendant (name):
      (1) ☐ a business organization, form unknown        Francisco    Federal Reserve Bank
      (2) ☐ a corporation                                 (1) ☒ a business organization, form unknown
      (3) ☐ an unincorporated entity (describe):          (2) ☒ a corporation
                                                          (3) ☐ an unincorporated entity (describe):
      (4) ☒ a public entity (describe):
            Municipal District                            (4) ☐ a public entity (describe):
      (5) ☐ other (specify):                              (5) ☐ other (specify):

   b. ☒ except defendant (name): Dept of Public Works d. ☒ except defendant (name): Equity Partners
      (1) ☐ a business organization, form unknown        (1) ☒ a business organization, form unknown
      (2) ☐ a corporation                                 (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):          (3) ☐ an unincorporated entity (describe):
      (4) ☒ a public entity (describe):                   (4) ☐ a public entity (describe):
            Municipal District                            (5) ☐ other (specify):
      (5) ☐ other (specify):

   ☒ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): Does 41 to 60          were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): Does 61 to 90          are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☒ other (specify):
      The accident occurred in San Francisco, California

9. ☒ Plaintiff is required to comply with a claims statute, and
   a. ☒ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

---

PLD-PI-001 [Rev. January 1, 2007]    COMPLAINT—Personal Injury, Property    Page 2 of 3
                                      Damage, Wrongful Death

MY 14 □ 0002/1021 · M 0500-501    □                                982.1(1)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| SCHINDLER V. CITY AND COUNTY OF SAN FRANCISCO, et al. | |

10.  The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):
    a. ☐ Motor Vehicle
    b. ☐ General Negligence
    c. ☐ Intentional Tort
    d. ☐ Products Liability
    e. ☑ Premises Liability
    f. ☐ Other (specify):

11.  Plaintiff has suffered
    a. ☐ wage loss
    b. ☐ loss of use of property
    c. ☑ hospital and medical expenses
    d. ☑ general damage
    e. ☐ property damage
    f. ☐ loss of earning capacity
    g. ☑ other damage (specify):
       Such other further relief as the Court deems proper.

12.  ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows: ·

13.  The relief sought in this complaint is within the jurisdiction of this court.

14.  Plaintiff prays for judgment for costs of suit, for such relief as is fair, just, and equitable; and for
    a. (1) ☑ compensatory damages
        (2) ☐ punitive damages
        The amount of damages is (in cases for personal injury or wrongful death, you must check (1)):
        (1) ☑ according to proof
        (2) ☐ in the amount of $

15.  ☐ The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers):
       Paragraphs 1 through 15, First Cause of Action (GN-1).
       and Second Cause of Action (Prem. L-1 through Prem. L-5)

Date:  December 5, 2006

VICTOR LIPOVETSKY
(TYPE OR PRINT NAME)                    ►                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

982.1(4)(Rev. January 1, 1996    COMPLAINT—Personal Injury, Property    Page 2 of 2
                                 Damage, Wrongful Death

MC-035 SUPERIOR - FORM CACS350

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| SHINDLER V. CITY AND COUNTY OF SAN FRANCISCO, et al. | |

_____FIRST_____    CAUSE OF ACTION—General Negligence    Page ___4___
(number)

ATTACHMENT TO [☑] Complaint  [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff (name): MEKHELYA SCHINDLER .

alleges that defendant (name): CITY AND COUNTY OF SAN FRANCISCO, DEPARTMENT OF
PUBLIC WORKS, FEDERAL RESERVE BANK, EQUITY PARTNERS,
60 SPEAR STREET, EOP-60 SPEAR, L.L.C., EQUITY
OFFICE PROPERTIES MANAGEMENT CORP-,

[☑] Does ____1____ to ___100___

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on (date): November 13, 2006
at (place): Sidewalk located near bus stop at 100 block Mission Street between Spear and Main Streets,
San Francisco, California.
(description of reasons for liability):

At that time and location, Plaintiff was a pedestrian walking on the sidewalk maintained and owned
by the Defendants. There were no signs posted or warnings of any kind, and the area was not
blocked off. The area was not properly maintained, inspected, not properly timely fixed, not kept in
good order, and not kept up to the Code thereby in violation of the Code. As a result of these
conditions, there was a broken and uneven sidewalk , and he was walking on the sidewalk in this
area over which he tripped. As a result , this caused Plaintiff to be thrown off balance and suddenly
to fall down causing multiple serious injuries.
Plaintiff is informed and believes that the Defendants as well as any of their employees would be
aware of the dangerous condition. The Defendants created the dangerous condition of · ";
property by their own actions as described above. The Defendants allowed the dangerous condition
to exist and go on. Defendants failed to properly hire, train, and supervise their said employees and
their actions. The Defendants by disregarding their responsibilities have created a hazardous
condition in not repairing the uneven surface of the sidewalk or giving any warnings to the public.
Defendants were aware of the above-described dangerous condition, and/or should have been aware.
Plaintiff is informed and believes that the Defendants' employees failed to safeguard the public
against infliction of injury on their property.
Plaintiff claims that Defendants were negligent in that Defendants owed a legal duty to use due care,
but failed to do so thereby breaching their duty, and proximately causing Plaintiff's injury. The
negligence consisted of misfeasance or nonfeasance. The Defendants, and each of them, had
negligently maintained the condition of the sidewalk and knew or should have known of the danger
and failed to repair the defect or warn Plaintiff and the general public.
Plaintiff claims that Defendants had either actual or constructive notice of a dangerous condition and
failed to warn and protect Plaintiff against the harm suffered. There were no signs posted nor was the
area blocked off in any way and failed to warn the pedestrians of the dangerous condition of the
roadway.
Defendants failed to warn the public of the dangerous condition in that that they do not engage in
proper hiring, do not properly investigate employees' background upon hiring, and do not properly
train and supervise their employees.    (continued next page)

Form Approved by the
Judicial Council of California
(Feature January 1, 1982
Rule 982 (3))

CAUSE OF ACTION—General Negligence    MC-035

OCT-31-2007 WED 01:10   Albert G. Stoll's Office    FAX NO. 415    1501    P. 09

MC 025... CONTINUED ATTENTION

| SHORT TITLE: | CASE NUMBER |
|---|---|
| SCHLINDER V. CITY AND COUNTY OF SAN FRANCISCO, et al | |

3  FIRST CAUSE OF ACTION - CONTINUED

The Defendants was negligent in not properly hiring and investigating their employees' backgrounds.  The
Defendants did not properly train their employees and did not inquire that their employees do not engage
in such callous/reckless conduct.

The name or names of the public employees causing the injury, damage, or loss is unknown to Plaintiff.
However, as to said employees, Plaintiff claims that the negligence of said employees is imputed to
respondent herein based on the doctrine of respondeat superior.

The name or names of the independent contractors causing the injury, damage, or loss is unknown to
Plaintiff.  However, as to said independent contractors, Plaintiff claims that the negligence of said
independent contractors is also imputed to respondent herein based on the doctrine of respondeat superior,
agency-principal or vicarious liability principals

26  (Required for verified pleading) The items on this page stated on information and belief are (specify item numbers, not line numbers):

27  This page may be used with any Judicial Council form or any other paper filed with the court.    Page    4 A

Form Approved for the
Judicial Council of California
MC-025 [Rev. January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501
Code of Civil Procedure, § 425.10

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| SCHLINDLER V. CITY AND COUNTY OF SAN FRANCISCO, et al. | |

_____SECOND_____   CAUSE OF ACTION—Premises Liability   Page ___5___
(number)

ATTACHMENT TO ☑ Complaint   ☐ Cross-Complaint

(Use a separate cause of action form for each cause of action.)

Prem.L-1.   Plaintiff (name): Melchelya Schindler
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On (date):   November 13, 2005   plaintiff was injured on the following premises in the following

fashion (description of premises and circumstances of injury):
At that time and location, Plaintiff was a pedestrian walking on the sidewalk maintained and
owned by the Defendants. There were no signs posted or warnings of any kind, and the area was
not blocked off. The area was not properly maintained, inspected, not properly timely fixed, not
kept in good order, and not kept up to the Code thereby in violation of the Code. As a result of
these conditions, there was a broken and uneven sidewalk, and he was walking on the sidewalk
in this area over which he tripped. As a result, this caused Plaintiff to be thrown off balance and
suddenly to fall down causing multiple serious injuries.
Plaintiff incorporates herein all statements described in the First Cause of Action as though fully
set forth herein.

Prem.L-2.   ☑ Count One—Negligence The defendants who negligently owned, maintained, managed and operated
the described premises were (names):
City and County of San Francisco, Department of Public Works, Federal Reserve Bank, Equity
Partners, 60 Spear Street, EOP-60 Spear, L.L.C., Equity Office Property Management Corp.,
☑ Does ___1___ to ___20___

Prem.L-3.   ☑ Count Two—Willful Failure to Warn (Civil Code section 846) The defendant owners who willfully or
maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
(names): City and County of San Francisco, Department of Public Works, Federal Reserve Bank,
Equity Partners, 60 Spear Street, EOP-60 Spear, L.L.C., Equity Office Property Manage
☑ Does ___21___ to ___40___
Plaintiff, a recreational user, was   ☐ an invited guest   ☐ a paying guest.

Prem.L-4.   ☑ Count Three—Dangerous Condition of Public Property The defendants who owned public property
on which a dangerous condition existed were (names):
City and County of San Francisco, Department of Public Works, Federal Reserve Bank, Equity
Partners, 60 Spear Street, EOP-60 Spear, L.L.C., Equity Office Property Management Corp.,
☑ Does ___41___ to ___60___
a. ☑ The defendant public entity had   ☑ actual   ☑ constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. ☑ The condition was created by employees of the defendant public entity.

Prem.L-5.   a. ☑ Allegations about Other Defendants The defendants who were the agents and employees of the
other defendants and acted within the scope of the agency were (names):
City and County Of San Francisco, Department of Public Works, Federal Reserve Bank, Equity
Partners, 60 Spear Street, EOP-60 Spear, L.L.C., Equity Office Property Management Corp.,
☑ Does ___61___ to ___90___
b. ☑ The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
☐ described in attachment Prem.L-5 b   ☑ as follows (names):
City and County of San Francisco, Department of Public Works, Federal Reserve Bank, Equity
Partners, 60 Spear Street, EOP-60 Spear, L.L.C., Equity Office Property Management Corp., Does
91 to 100.

Form Approved by the
Judicial Council of California
Edapted January 1, 1799
Form 3.20. HC)
CAUSE OF ACTION—Premises Liability
(Sol Soc)
CCP 425.11



MC-025

| SHORT TITLE: SCHINDLER V. CITY AND COUNTY OF SAN FRANCISCO, et al. | CASE NUMBER: |

ATTACHMENT (Number): ____1____
(This Attachment may be used with any Judicial Council form.)

Page 1A of 8

(Add pages as required)

Complaint - Page 1 continued

Defendants continued —

DEPARTMENT OF PUBLIC WORKS, FEDERAL RESERVE BANK, EQUITY PARTNERS, 60 SPEAR STREET, EOP-60 SPEAR, L.L.C., EQUITY OFFICE PROPERTIES MANAGEMENT CORP.,

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

ATTACHMENT
to Judicial Council Form

MC-025

| SHORT TITLE: SCHINDLER v. CITY AND COUNTY OF SAN FRANCISCO, et al. | CASE NUMBER: |
|---|---|

ATTACHMENT (Number): ___5___

(This Attachment may be used with any Judicial Council form.)

Page ___2___ of ___

(Add pages as required)

COMPLAINT CONTINUED  PAGE 2  - Attachment No. 5

5. Each defendant named above is a natural person

    e. except defendant (name): 60 SPEAR STREET
        (1)  X  a business organization, form unknown
        (2)     a corporation
        (3)     an unincorporated entity (describe):
        (4)     a public entity (describe):
        (5)     other (specify):

    f. except defendant (name): EOP-60 SPEAR, L.L.C.
        (1)     a business organization, form unknown
        (2)     a corporation
        (3)     an unincorporated entity (describe):
        (4)     a public entity (describe):
        (5)  X  other (specify):  Limited Liability Company

    g. except defendant (name): EQUITY OFFICE PROPERTY MANAGEMENT CORP.
        1)     a business organization, form unknown
        2)  X  a corporation
        3)     an unincorporated entity (describe):
        4)     a public entity (describe):
        5)     other (specify):

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

ATTACHMENT
to Judicial Council Form

OCT-31-2007 WED 01:09 █ Albert G. Stoll's Office    FAX NO. 415 █1501    P. 04
12/1./06 04:42PM  ONELE851 CB-AS VELAN LAW FIRM    4153788343 PB 5/27

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
VICTOR LIPOVETSKY, ESQ. SBN 120042
VELAN LAW FIRM, A Professional Corporation
3701 Geary Blvd., Suite 101, San Francisco, CA 94118
TELEPHONE NO.: 415-379-9300    FAX NO.: 415-379-9343
ATTORNEY FOR (Name): PLAINTIFF, MEKHELYA SCHINDLER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: UNLIMITED JURISDICTION.

CASE NAME:
SCHINDLER V. CITY AND COUNTY OF SAN FRANCISCO, et al.

ENDORSED
F I L E D
San Francisco County Superior Court
DEC 1 1 2006
GORDON PARK-Li, Clerk
BY: CRISTINA L. BAUTISTA
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | CGC-06-458615 |

Items 1–5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 1800-1812)
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought (check all that apply):
   a. ☑ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: DECEMBER 5, 2006
VICTOR LIPOVETSKY
_____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]    CIVIL CASE COVER SHEET    Cal. Rules of Court, rules 201.8, 1800-1812; Standards of Judicial Administration § 19    American LegalNet, Inc. www.USCourtForms.com

TOTAL P.12

1  GREVE, CLIFFORD, WENGEL & PARAS, LLP
   BRADLEY R. LARSON, State Bar No. 095470
2  2870 Gateway Oaks Drive, Suite 210
   Sacramento, California 95833-4324
3  Telephone: (916) 443-2011
   Facsimile: (916) 441-7457
4
                                           F I L E D
                                           San Francisco County Superior Court
5  Attorneys for Defendant
   EQUITY OFFICE MANAGEMENT, LLC,              NOV 2 9 2007
6  incorrectly sued and served herein as
   EQUITY OFFICE PROPERTIES                 GORDON PARK-LI, Clerk
7  MANAGEMENT CORP.
                                                BY_____
                                                      Deputy Clerk
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   FOR THE COUNTY OF SAN FRANCISCO

11  MEKHELYA SCHINDLER,              )     CASE NO.  CGC06-458615
                                     )
12              Plaintiff,           )
                                     )
13       vs.                         )     DEFENDANT EQUITY OFFICE
                                     )     MANAGEMENT, LLC'S ANSWER
14  CITY AND COUNTY OF SAN           )     TO COMPLAINT
    FRANCISCO, DEPARTMENT OF         )
15  PUBLIC WORKS, FEDERAL RESERVE    )
    BANK, EQUITY PARTNERS, 60 SPEAR  )
16  STREET, EOP-60 SPEAR, L.L.C.,    )
    EQUITY OFFICE and DOES 1-100,    )
17  inclusive,                       )
                                     )
18              Defendants.          )
                                     )
19

20

21       COMES NOW Defendant EQUITY OFFICE MANAGEMENT, LLC, incorrectly

22  sued and served herein as EQUITY OFFICE PROPERTIES MANAGEMENT CORP.,

23  and in answer to the Complaint on file herein and each cause of action therein stated,

24  admits, denies and alleges as follows:

25       Defendant denies each and every, all and singular, of the allegations contained

26  in said Complaint, and each purported cause of action therein contained, and further

27  denies that Plaintiff was, is or will be injured in the sum or sums therein alleged or

28  otherwise or at all.

Greve
Clifford
Wengel
& Paras,
LLP

                                   -1-
        EQUITY OFFICE MANAGEMENT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

1       AS AND FOR SEPARATE AND DISTINCT AFFIRMATIVE DEFENSES,

2 DEFENDANT ALLEGES AS FOLLOWS:

3     1.    The Complaint, and each cause of action contained therein, fails to state

4 facts sufficient to constitute a cause of action against this answering Defendant.

5     2.    Plaintiff was careless and negligent and/or at fault in and about the

6 matters alleged in the Complaint and was contributorily negligent with respect to the

7 matters referred to in the Complaint, and each alleged cause of action contained

8 therein, which said carelessness, negligence and/or fault on said Plaintiff's own part

9 was the proximate cause of the alleged injuries, losses and damages sustained, if any

10 there be, and proximately contributed to the happening of the incident and to the

11 injuries, losses and damages, if any there were, alleged in the Complaint on file herein.

12 Under the doctrine of *Li v. Yellow Cab Co. of California* (1975) 13 Cal.3d 804 [119

13 Cal.Rptr. 858], *American Motorcycle Association v. Superior Court of Los Angeles

14 County (Viking Motorcycle Club)* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182] and

15 progeny, Plaintiff's contributory negligence and/or fault shall reduce any and all

16 damages sustained by said Plaintiff, if any there be.

17     3.    Plaintiff assumed whatever risk or hazard, if any, that existed at the time

18 and place referred to in the Complaint, and each alleged cause of action contained

19 therein, which assumption of risk or hazard was the proximate cause of the alleged

20 damages sustained, if any there be.

21     4.    The applicable statute of limitations, to wit, California Code of Civil

22 Procedure Section 340, bars the Complaint, and each cause of action alleged therein.

23     5.    Plaintiff's alleged damages, if any there be, were caused by Plaintiff's

24 failure to mitigate those damages through the exercise of reasonable diligence.

25     6.    In the event Plaintiff recovers a judgment against this Defendant, request

26 is made that any such liability be apportioned under equitable principles with that of any

27 other Defendant or non-party similarly held responsible to Plaintiff.

28     7.    The Complaint and each purported cause of action thereof is barred and

Greve
Clifford
Wengel
& Paras,
LLP

-2-

EQUITY OFFICE MANAGEMENT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

1    precluded by the equitable doctrine of laches and by the prejudice to Defendant
2    resulting from Plaintiff's failure to pursue the subject Complaint in a timely manner.

3        8.    Any loss, injury or damage incurred by Plaintiff was proximately caused by
4    the negligent or willful acts or omissions of parties whom Defendant neither controlled
5    nor had the right to control, and was not proximately caused by any acts, omissions or
6    any other conduct of Defendant.

7        9.    Defendant alleges that at the time of the injuries alleged in the Complaint,
8    parties other than this answering Defendant were negligent in and about the matters
9    referred to in said Complaint, and that such negligence on the part of said parties
10   proximately and concurrently contributed to any loss or damage, including non-
11   economic damages, complained of by Plaintiff, if any there were; and that Defendant
12   herein shall not be liable for said party's proportionate share of non-economic damages
13   pursuant to Civil Code Section 1431.2 and other applicable law.

14       10.   Defendant denies the existence of a dangerous or defective condition of
15   property as alleged, but if such condition did exist it was open, obvious, readily apparent
16   and avoidable to a reasonable person.

17       11.   Defendant denies the existence of a dangerous or defective condition of
18   property as alleged, but if such condition existed Defendant did not have notice thereof
19   prior to the happening of the alleged accident sued on herein.

20       WHEREFORE, DEFENDANT PRAYS FOR JUDGMENT AS FOLLOWS:

21       1.    That the Complaint on file herein and each cause of action therein
22   contained be hence dismissed;

23       2.    That Defendant be awarded its costs of suit incurred herein, including
24   attorney's fees; and

25   ///
26   ///
27   ///
28   ///

Greve
Clifford
Wengel
& Paras,
LLP

-3-
EQUITY OFFICE MANAGEMENT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

1    3.    For such other and further relief as the Court deems fit and proper under

2  the circumstances.

3  Dated: November 19, 2007        GREVE, CLIFFORD, WENGEL & PARAS, LLP

4

5                                          By: _____

6                                              BRADLEY R. LARSON
                                              State Bar No. 895470
7                                              Attorneys for Defendant
                                              EQUITY OFFICE MANAGEMENT, LLC,
8                                              incorrectly sued and served herein as EQUITY
                                              OFFICE PROPERTIES MANAGEMENT
9                                              CORP.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Greve
Clifford    26
Wengel
& Paras,    27
LLP
           28

-4-

EQUITY OFFICE MANAGEMENT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

1    ___Mekhelya Schindler v. City and County of San Francisco, et al.___
     San Francisco County Superior Court Case No. CGC06-458615

2

3                              **PROOF OF SERVICE**

4         I declare:

5         I am employed in the County of Sacramento, State of California.  My business

6    address is:  2870 Gateway Oaks Drive, Suite 210, Sacramento, California 95833-4324.
     I am over the age of eighteen (18) years and not a party to the within action.

7         On November 19, 2007, I caused to be served the within:

8    **DEFENDANT EQUITY OFFICE MANAGEMENT, LLC'S ANSWER TO COMPLAINT**

9         on the party listed below, addressed as follows:

10   Victor Lipovetsky
     Velan Law Firm
11   3701 Geary Boulevard, Suite 101
     San Francisco, CA 94118
12   Tel:   415-379-9300
     Fax:   415-379-9343
13   *Counsel for Plaintiffs*

14

15   —    **By facsimile machine (FAX)** by personally transmitting a true copy thereof via
          an electronic facsimile machine.

16   XX   **By first class mail** by placing a true copy thereof in a sealed envelope with
          postage thereon fully prepaid and placing the envelope in the firm's daily mail
17        processing center for mailing in the United States mail at Sacramento, California.

18   —    **By Federal Express** overnight delivery service by placing a true copy thereof in
          a Federal Express envelope and placing the envelope in a Federal Express drop
19        box at Sacramento, California.

20   —    **By personal service** by personally delivering a true copy thereof to the
          addressee(s) listed herein at the location listed herein.
21

22        I, DYONNA S. BLOXSON, under penalty of perjury under the laws of the
          State of California that the foregoing is true and correct.

23        EXECUTED on November 19, 2007, at Sacramento, California.

24

25

26        DYONNA S. BLOXSON

27

28

Greve
Clifford
Wengel
& Paras,
LLP

Proof

MC-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number, and address)*: | FOR COURT USE ONLY |
|---|---|
| VICTOR LIPOVETSKY, ESQ., SBN 170962<br>VELAN LAW FIRM, A Professional Corporation<br>3701 Geary Blvd., Suite 101, San Francisco, CA 94118<br><br>TELEPHONE NO. 415-379-9300  FAX NO. *(Optional)* 415-379-9343<br>E-MAIL ADDRESS *(Optional)* velanlawfirm@yahoo.com<br>ATTORNEY FOR *(Name)*: Plaintiff, MEKHELYA SCHINDLER | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Unlimited Jurisdiction

CASE NAME:
SCHINDLER v. CITY AND COUNTY OF SAN FRANCISCO, et al.

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>CGC-06-458615 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name)*: MEKHELYA SCHINDLER makes the following substitution:

1. **Former legal representative** ☐ Party represented self ☑ Attorney *(name)* VICTOR LIPOVETSKY
2. **New legal representative** ☐ Party is representing self* ☑ Attorney
   a. Name: ALBERT G. STOLL, JR.     b. State Bar No. *(if applicable)*: 164649
   c. Address *(number, street, city, ZIP, and law firm name, if applicable)*:
      LAW OFFICES OF ALBERT G. STOLL, JR., 55 Francisco Street, Suite 403, San Francisco, CA 94133

   d. Telephone No. *(include area code)*: 415-576-1500; 415-576-1501 FAX
3. The party making this substitution is a     ☑ plaintiff ☐ defendant ☐ petitioner ☐ respondent ☐ other *(specify)*:

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

|   |   |   |
|---|---|---|
| • Guardian | • Personal Representative | • Guardian ad litem |
| • Conservator | • Probate fiduciary | • Unincorporated |
| • Trustee | • Corporation | association |

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take
timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date:     October 24, 2007
   MEKHELYA SCHINDLER
   _____          ▶ _____
   (TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY)

5. ☑ I consent to this substitution.
   Date:     October 24, 2007
   VICTOR LIPOVETSKY
   _____          ▶ _____
   (TYPE OR PRINT NAME)                        (SIGNATURE OF FORMER ATTORNEY)

6. ☑ I consent to this substitution.
   Date:     October 24, 2007
   ALBERT G. STOLL, JR.
   _____          ▶ _____
   (TYPE OR PRINT NAME)                        (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)

Page 1 of 2

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2007] | SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov |
|---|---|---|---|

MC-050

| CASE NAME: | CASE NUMBER: |
|---|---|
| SCHINDLER V. CITY AND COUNTY OF SAN FRANCISCO, et al. | |

### PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify)*:

   3701 GEARY BLVD., SUITE 101, SAN FRANCISCO, CA 94118

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing: October 25, 20 :07    (2) Place of mailing *(city and state):* San Francisco, CA 94118

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 25, 2007

(MS.) WILLY C. BONVIE
(TYPE OR PRINT NAME)

_____
(SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served:  Michael D. Haase, City and County of San Francisco (Claim No. 06-02765)
   b. Address *(number, street, city, and ZIP)*:
      985 Stevenson Street, Suite 440, San Francisco, CA 94103-0903

   c. Name of person served:  Joanne Chase, Technical Specialist, St. Paul Mercury Ins. Co. (Claim No. CFU0970)
   d. Address *(number, street, city, and ZIP)*:
      PO Box 8106, Walnut Creek, CA 94506  (Insured:  Federal Reserve Bank)

   e. Name of person served:  Carol Neugebauer - Gallagher Bassett Services, Inc.
   f. Address *(number, street, city, and ZIP)*:
      PO Box 5520, Oakbrook Terrace, ILL 60181  (Insured:  60 Spear St., San Francisco, CA)

   g. Name of person served:
   h. Address *(number, street, city, and ZIP)*:

   i. Name of person served:
   j. Address *(number, street, city, and ZIP)*:

   ☐ List of names and addresses continued in attachment.

1

**PROOF OF SERVICE**

2

3

***SCHINDLER v. CITY AND COUNTY OF SAN FRANCISCO***
SAN FRANCISCO County Superior Court Case No.: CGC 06-458615

4

5

6

I, the undersigned, declare that I am over the age of eighteen (18) years, and not a party to the within entitled action. I am employed at JOSEPH COSTELLA & ASSOCIATES, 215 Lennon Lane, Suite 200, Walnut Creek, CA 94596. On the date listed below, I caused the following document(s) to be served:

7

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) and 12 U.S.C. §632**
**[FEDERAL QUESTION]**

8

9

on the parties in said cause, by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

10

ALBERT G. STOLL                           **Plaintiff's Attorney**
55 FRANCISCO STREET, SUITE 403

11

SAN FRANCISCO, CA 94133           Tel.:
415.576.1500;                                   Fax:

12

415.576.1501

13

Bradley R. Larson                           **Attorney for Equity Partners**
GREVE, CLIFFORD, WENGEL & PARAS,

14

LLP

15

2870 GATEWAY OAKS DRIVE,
SUITE 210

16

SACRAMENTO, CA 958334324
(916) 443-2011

17

18

☑      **BY MAIL** Having full knowledge of the outgoing mail system at this firm, in that all mail in the outgoing mail basket is deposited each evening in the United States Mail, in the City of Walnut Creek, State of California, I enclosed a true copy of said document(s) in a sealed envelope, with fully-paid postage thereon in the outgoing mail basket.

19

20

21

( )      **BY PERSONAL SERVICE** I caused each such envelope to be delivered by hand to the addressee(s) noted above.

22

23

( )      **BY FACSIMILE** I caused the said document to be transmitted by Facsimile machine to the number indicated above.

24

25

( )      **BY EXPRESS MAIL** I caused each such envelope to be deposited into a designated Federal Express mail box for pick up on the date of execution of this declaration.

26

27

I declare under penalty of perjury that the foregoing is true and correct. Executed on 2/13/08      at Walnut Creek, California.

28

**KAREN PAYNE-DRAKE**

✎ JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

MEKHELYA SCHINDLER

**DEFENDANTS**

FEDERAL RESERVE BANK

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

ALBERT G. STOLL, ESQ.
55 FRANCISCO STREET, SUITE 403
SAN FRANSISCO, CA 94133

Attorneys (If Known)

FRANCES H. YOSHIMURA, ESQ.
P.O. BOX 8090
WALNUT CREEK, CA 94598

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

(nature of suit checklist)

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    [ ] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE    SIGNATURE OF ATTORNEY OF RECORD