1  Frances H. Yoshimura (SBN 124325)
2  JOSEPH COSTELLA & ASSOCIATES
   215 Lennon Lane, Suite 200
3  Walnut Creek, CA  94598
   Tel:   (925) 945-4491
4  Fax:  (925) 945-4454

5

6  Attorneys for Defendant/Cross-Complainant
   FEDERAL RESERVE BANK OF SAN FRANCISCO,
   incorrectly sued as FEDERAL RESERVE BANK
7

8                          **UNITED STATES DISTRICT COURT**

9                          **NORTHERN DISTRICT OF CALIFORNIA**

10

11  MEKHELYA SCHINDLER,                      Case No: CV 08 1324 JCS

12              Plaintiff,
                                             **CROSS-COMPLAINT OF FEDERAL**
13       Vs.                                 **RESERVE BANK OF SAN FRANCISCO**

14  CITY AND COUNTY OF SAN                      1.  **Partial Indemnity**
15  FRANCISCO, DEPARTMENT OF                    2.  **Full Equitable Indemnity**
    PUBLIC WORKS, FEDERAL RESERVE               3.  **Declaratory Relief**
16  BANK, EQUITY PARTNERS, EOP 60               4.  **Breach of Contract**
    SPEAR STREET, LLC; EQUITY OFFICE
17  PROPERTIES MANAGEMENT
18  CORPORATION
19              Defendants.
    _____/
20
    FEDERAL RESERVE BANK OF SAN
21  FRANCISCO (sued herein as FEDERAL
22  RESERVE BANK),

23              Cross-complainant,

24  v.

25
    60 SPEAR LIMITED PARTNERSHIP, a
26  Delaware limited partnership and MOES 1
    through 20, inclusive
27              Cross-defendants
28  _____/

-1-

**CROSS-COMPLAINT OF FEDERAL RESERVE BANK OF SAN FRANCISCO**

COMES NOW CROSS-COMPLAINANT FEDERAL RESERVE BANK OF SAN FRANCISCO (sued herein as FEDERAL RESERVE BANK) and alleges as follows as to each and every cross-defendant.

## FIRST CAUSE OF ACTION

### (Partial Indemnity)

1. The true names and capacities, whether individual, corporate, associate or otherwise of Cross-Defendants MOES I through 50, inclusive, are unknown to the Cross Complainant who therefore sues said Cross-Defendants by such fictitious names. The Cross-Complainant is informed and believes, and upon such information and belief alleges, that each of the Cross-Defendants so designated are negligently, strictly or vicariously liable for the events and happenings referred to herein, and by such conduct, proximately caused the injuries and damages to the Cross-Complainant as hereinafter alleged. The Cross-Complainant will amend the cross-complaint to allege the true names and capacities of said Cross-Defendants when the same has been ascertained.

2. That on or about December 11, 2006, Plaintiff MEKHELYA SCHINDLER, filed a complaint in the above-entitled court naming Cross-Complainant and others as Defendants. Without admitting the truth of the allegations contained in said complaint, and for the purposes of reference only, the complaint is incorporated herein as though fully set forth.

3. The aforementioned complaint alleges, *inter alia*, that this Cross-Complainant is liable along with other Defendants, including Cross-Defendant, for the alleged injuries and damages complained to have been suffered by the Plaintiff arising out of a trip and fall that occurred on or about November 13, 2005 in the vicinity of sidewalk located near a bus stop in the 100 block of Mission Street between Spear and Main Streets, San Francisco,

**CROSS-COMPLAINT OF FEDERAL RESERVE BANK OF SAN FRANCISCO**

California.

4. Cross-Complainant has denied all of the allegations in the complaint and has specifically denied that it was negligent, careless, or at fault and that the Plaintiff was injured or damaged in any sum or sums whatsoever by reason of any act or omission by this Cross-Complainant.  However, if the Cross-Complainant is found liable to the Plaintiff, based on any of the allegations in the complaint, or any other party to this action, this Cross-Complainant would be responsible only for a portion of the damages alleged based upon the percentage of negligence or fault attributable to Cross-Complainant in these proceedings.

The remaining percentage of negligence or fault is that of Cross-Defendant, CITY AND COUNTY OF SAN FRANCISCO, 60 SPEAR LIMITED PARTNERSHIP and MOES 1 to 50, inclusive, and each of them, in the negligent or wrongful performance or failing to perform those acts specified in the complaint.  By their respective acts and failures to act, Cross-Defendants, and each of them, knew or should have known that such actions would result in injuries to Plaintiff.

5. In the event Cross-Complainant is held liable to the Plaintiff based on any of the allegations of the complaint, Cross-Complainant is entitled to partial indemnity from the Cross-Defendants in accordance with the percentage of fault attributable to each.

WHEREFORE, Cross-Complainant prays as set forth below.

## SECOND CAUSE OF ACTION
### (Full Equitable Indemnity)

6. Cross-Complainant incorporates by reference the allegations contained in paragraphs 1, 2, 3, 4 and 5 of the First Cause of Action, as if fully set forth at this point.

7. The Cross-Complainant has denied all of the allegations in the complaint and has specifically denied that it was negligent, careless, or at fault and that the Plaintiff was injured or damaged in any sum or sums whatsoever by reason of any act or omission by this Cross-

-3-

**CROSS-COMPLAINT OF FEDERAL RESERVE BANK OF SAN FRANCISCO**

Complainant. However, if Cross-Complainant is found liable to the Plaintiff, based on any of the allegations of the complaint, or any other party to this action, said liability would arise out of conduct by Cross-Complainant of a passive nature and upon the primary and active conduct, negligence, or fault of Cross-Defendants CITY AND COUNTY OF SAN FRANCISCO, 60 SPEAR LIMITED PARTNERSHIP and MOES I through 50, inclusive, and each of them, in the negligent or wrongful performance or failing to perform those acts specified in the complaint. By their respective acts and failures to act, Cross-Defendants, and each of them, knew or should have known that such actions would result in injuries to Plaintiff.

8. In the event Cross-Complainant is held liable to the Plaintiff based on any of the allegations of the complaint, Cross-Complainant is entitled to full indemnity from the Cross-Defendant.

### THIRD CAUSE OF ACTION

### (Declaratory Relief)

9. Cross-Complainant incorporates by reference the allegations contained in paragraphs 1, 2, 3, 4 and 5 of the First Cause of Action, 6, 7, 8 of the Second Cause of Action, as if fully set forth at this point.

10. A dispute has arisen and an actual controversy exists between Cross-Complainant and Cross-Defendants, and each of them, in that Cross-Complainant claims that Cross-Defendants, and each of them, are obligated fully or partially to indemnify Cross-Complainant, for any amounts which Cross-Complainant may pay by way of judgment, settlement, investigation, attorney's fees, court costs and other expenses as may be incurred in defense of the claims of Plaintiff and any other Cross-Complainant herein. Cross-Defendants, and each of them, dispute these contentions.

**CROSS-COMPLAINT OF FEDERAL RESERVE BANK OF SAN FRANCISCO**

11. Cross-Complainant desire a declaration of Cross-Complainant's rights with respect to whether Cross-Defendants, and each of them, are obligated to indemnify Cross-Complainant as alleged above. Such a declaration is necessary and appropriate at this time in order that Cross-Complainant may ascertain Cross-Complainant's rights with respect to Cross-Defendants, and each of them, in conjunction with Plaintiff's claims herein.

## FOURTH CAUSE OF ACTION

### Express Contractual Indemnity
(Against Cross-Defendant 60 SPEAR LIMITED PARTNERSHIP Only )

12. Cross-Complainant FEDERAL RESERVE BANK OF SAN FRANCISCO (sued herein as FEDERAL RESERVE BANK) realleges and incorporates herein by reference Paragraphs 1 through 11 inclusive, of the Cross-complaint as though set forth in full.

13. Cross-complainant is informed and believes and thereon alleges that the Cross Defendants, and each of them, entered into a written License Agreement (hereinafter "License") with FEDERAL RESERVE BANK OF SAN FRANCISCO (sued herein as FEDERAL RESERVE BANK) or others whereby said FEDERAL RESERVE BANK OF SAN FRANCISCO (sued herein as FEDERAL RESERVE BANK) was granted a license for ingress and egress over the area of the site of the accident which was owned by Cross-defendant 60 SPEAR LIMITED PARTNERSHIP. Based on the License, said Cross-defendant agreed for due consideration, to indemnify and save FEDERAL RESERVE BANK OF SAN FRANCISCO (sued herein as FEDERAL RESERVE BANK) harmless from and against any liability and all loss, costs, damages, expenses, including attorney's fees, on account of any claims resulting from injury to or death sustained by any person or damage to property of any kind, which injury, death or damage occurring in or about the subject premises, from any cause arising at anytime. A true and correct copy of the License

**CROSS-COMPLAINT OF FEDERAL RESERVE BANK OF SAN FRANCISCO**

Agreement is attached hereto as Exhibit "A."

14. As another requirement pursuant to the Exhibit "A" License, Cross-Defendant 60 SPEAR LIMITED PARTNERSHIP is required to maintain for mutual benefit of itself and Cross-Complainant FEDERAL RESERVE BANK OF SAN FRANCISCO (sued herein as FEDERAL RESERVE BANK) general public liability insurance against claims for injury or death to persons or damage to persons or damage to property occurring in, or upon or about the premises and on any sidewalks directly adjacent to the premises.

15. Cross-Complainant FEDERAL RESERVE BANK OF SAN FRANCISCO (sued herein as FEDERAL RESERVE BANK) has tendered defense and indemnity of this matter to Cross-Defendant, 60 SPEAR LIMITED PARTNERSHIP, but there has been no response to the tender.

16. Cross-Complainant FEDERAL RESERVE BANK OF SAN FRANCISCO (sued herein as FEDERAL RESERVE BANK) contends that, if it is jointly or independently found to be liable to plaintiff or others for negligence or if it is determined that plaintiff or others are entitled to recover against Cross-Complainant FEDERAL RESERVE BANK OF SAN FRANCISCO (sued herein as FEDERAL RESERVE BANK) in any amount whatsoever, then Cross-Complainant FEDERAL RESERVE BANK OF SAN FRANCISCO's (sued herein as FEDERAL RESERVE BANK) liability will be the direct and proximate result of said cross-defendants, and each of them as alleged herein, Cross-complainant has been required to expend and has expended substantial amounts in defendant against the Complaint and in settlement and satisfaction of any judgment or settlement.

17. By virtue of the above-described contracts and/or applicable law, said cross-defendant must hold Cross-Complainant FEDERAL RESERVE BANK OF SAN

**CROSS-COMPLAINT OF FEDERAL RESERVE BANK OF SAN FRANCISCO**

FRANCISCO (sued herein as FEDERAL RESERVE BANK)  harmless and indemnify it for the amount of any judgment or settlement, and for expenses, costs of suit, legal fees and other damages and costs which Cross-Complainant FEDERAL RESERVE BANKOF SAN FRANCISCO (sued herein as FEDERAL RESERVE BANK)   incurs in connection with this litigation.  The total amount of Cross-Complainant FEDERAL RESERVE BANK OF SAN FRANCISCO's (sued herein as FEDERAL RESERVE BANK)   costs and attorneys' fees is not yet know, and Cross-Complainant FEDERAL RESERVE BANK OF SAN FRANCISCO (sued herein as FEDERAL RESERVE BANK)    will ask leave of this Court to insert such amount at time of trial.

     18. Cross-complainant hereby tenders its defense of this action to Cross-Defendant 60 SPEAR LIMITED PARTNERSHIP., and each of them, and demands that Cross-defendant defend, indemnify and hold Cross-complainant harmless.

     WHEREFORE, Cross-Complainant prays judgment against Cross-Defendants, and each of them, as follows:

     1.     For partial indemnification and apportionment of the respective responsibilities of Cross-Defendant for any amounts which Cross-Complainant may pay by way of settlement, judgment, investigation, attorney's fees, court costs and such other expenses as may be incurred in the defense of the claims of Plaintiff and any other party to this action herein, in accordance with the percentage of fault attributable to each;

     2.     For full indemnification of Cross-Complainant for any amounts which Cross-Complainant may pay by way of judgment, settlement, investigation, attorney's fees, court costs and other such expenses as may be incurred in defense of the claims of Plaintiff and any other party to this action.

**CROSS-COMPLAINT OF FEDERAL RESERVE BANK OF SAN FRANCISCO**

3. For a judicial declaration that Cross-Defendant, and each of them, are obligated to indemnify Cross-Complainant as set forth above in this Cross-Complaint;

4. For attorneys' fees;

5. For costs of suit incurred herein; and,

6. For such further and other relief as the court deems just and proper.

Dated: April ___, 2008

LAW OFFICES OF JOSEPH COSTELLA

By: _____
FRANCES H. YOSHIMURA, ESQ
Attorneys for Defendant
FEDERAL RESERVE BANK OF SAN FRANISCO, incorrectly sued as FEDERAL RESERVE BANK