1  **GREVE, CLIFFORD, WENGEL & PARAS, LLP**
   **BRADLEY R. LARSON**, State Bar No. 095470
2  **JULIE M. CHOPOURIAN**, State Bar No. 197673
   2870 Gateway Oaks Drive, Suite 210
3  Sacramento, California  95833-4324
   Telephone:   (916) 443-2011
4  Facsimile:   (916) 441-7457

5  Attorneys for Defendants
   EQUITY OFFICE MANAGEMENT, LLC,
6  incorrectly sued and served herein as Equity Office
   Properties Management Corp. and 60 SPEAR LIMITED
7  PARTNERSHIP

8

9                    **UNITED STATES DISTRICT COURT**

10                 **NORTHERN DISTRICT OF CALIFORNIA**

11

12  MEKHELYA SCHINDLER                    )   No. CV 08 1324 JCS
                                          )
13              Plaintiff,                )   **ANSWER TO CROSS-**
                                          )   **COMPLAINT OF FEDERAL**
14         v.                             )   **RESERVE BANK OF SAN**
                                          )   **FRANCISCO**
15  CITY AND COUNTY OF SAN FRANCISCO,     )
    DEPARTMENT OF PUBLIC WORKS,           )
16  FEDERAL RESERVE BANK, EQUITY          )
    PARTNERS, 60 SPEAR STREET, EOP-60     )
17  SPEAR, L.L.C., EQUITY OFFICE and DOES 1- )
    100, inclusive,                       )
18                                        )
                                          )
19              Defendants.               )
    _____     )
                                          )
20  FEDERAL RESERVE BANK OF SAN           )
    FRANCISCO (sued herein as FEDERAL     )
21  RESERVE BANK),                        )
                                          )
22              Cross-Complainant,        )
                                          )
23         v.                             )
                                          )
24  60 SPEAR LIMITED PARTNERSHIP, a       )
    Delaware Limited Partnership and MOES 1 )
25  through 20, inclusive,                )
                                          )
26              Cross-Defendants.         )
    _____     )

27

Greve
Clifford
Wengel
& Paras,
LLP     28  ///

1    Defendant/Cross-Defendant 60 SPEAR LIMITED PARTNERSHIP ("Cross-
2  Defendant") in answer to the Cross-Complaint and each cause of action therein, admits,
3  denies and alleges as follows:
4    Cross-Defendant denies each and every, all and singular, of the allegations
5  contained in the Cross-Complaint, and each purported cause of action, and further denies
6  that Cross-Complainant was, is or will be injured in the sum or sums alleged or otherwise
7  or at all.
8    AS AND FOR SEPARATE AND DISTINCT AFFIRMATIVE DEFENSES, CROSS-
9  DEFENDANT ALLEGES AS FOLLOWS:
10    1.    The Cross-Complaint and each cause of action, fails to state facts sufficient
11  to constitute a cause of action against Cross-Defendant.
12    2.    Cross-Complainant was careless and negligent and/or at fault in and about
13  the matters alleged in the Cross-Complaint and were contributorily negligent with respect
14  to the matters referred to in the Cross-Complaint, which carelessness, negligence and/or
15  fault on Cross-Complainant's own part was the proximate cause of the alleged injuries,
16  losses and damages sustained, if any there be, and proximately contributed to the
17  happening of the incident and to the injuries, losses and damages, if any there were,
18  alleged in the Cross-Complaint. Under the doctrine of *Li v. Yellow Cab Co. of California*
19  (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858], *American Motorcycle Association v.*
20  *Superior Court of Los Angeles County (Viking Motorcycle Club)* (1978) 20 Cal.3d
21  578 [146 Cal.Rptr. 182] and progeny, Cross-Complainant's own comparative and/or
22  contributory negligence and/or fault shall proportionately reduce any and all injuries,
23  losses and/or damages sustained by Cross-Complainant, if any such damages, injuries
24  or losses there truly be.
25    3.    Cross-Complainant assumed whatever risk or hazard, if any, that existed
26  at the time and place referred to in the Cross-Complaint, which assumption of risk or
27  hazard was the proximate cause of the alleged damages sustained, if any there be.
28  ///

Greve Clifford Wengel & Paras, LLP

4.      The Cross-Complaint, and each alleged cause of action, is barred by the applicable statute of limitations, to wit, California Code of Civil Procedure Sections 335, 337, 337.1, 337.15, 338, 339 and 340.

5.      Cross-Complainant's alleged damages, if any there be, were caused by Cross-Complainant's failure to mitigate those damages through the exercise of reasonable diligence.

6.      The property referred to in the Cross-Complaint, and each alleged cause of action, was not maintained in the manner for which it was promised by Cross-Complainant and was misused and abused by Cross-Complainant, and such misuse and improper maintenance of the property bar any recovery herein.

7.      In the event Cross-Complainant recovers a judgment against this Cross-Defendant, request is made that any such liability be apportioned under equitable principles with that of any other Cross-Defendant similarly held responsible to Cross-Complainant.

8.      Cross-Defendant performed all obligations it was required to perform under any agreement or contract with Cross-Complainant.

9.      The Cross-Complaint, and each purported cause of action, is barred and precluded by the equitable doctrine of laches and by the prejudice to Cross-Defendant resulting from Cross-Complainant's failure to pursue the Cross-Complaint in a timely manner.

10.      The Cross-Complaint, and each cause of action, fails to state facts sufficient to constitute a cause of action against Cross-Defendant for attorneys' fees.

11.      Any loss, injury or damage incurred by Cross-Complainant was proximately caused by the negligent or willful acts or omissions of parties whom Cross-Defendant neither controlled nor had the right to control, and was not proximately caused by any acts, omissions or other conduct of Cross-Defendant.

///

///

Greve
Clifford
Wengel
& Paras,
LLP

1    WHEREFORE, CROSS-DEFENDANT PRAYS FOR JUDGMENT AS FOLLOWS:

2    1.    That the Cross-Complaint on file and each cause of action be hence

3    dismissed;

4    2.    That Cross-Defendant be awarded costs of suit incurred herein, including

5    attorneys' fees; and

6    3.    For such other and further relief as the Court deems fit and proper under

7    the circumstances.

8

9    Dated: June 19, 2008

10    GREVE, CLIFFORD, WENGEL & PARAS, LLP

11

12    By: _____

13    JULIE M. CHOPOURIAN, SBN 197673
Attorney for Defendants EQUITY OFFICE
14    MANAGEMENT, LLC, incorrectly sued and
served herein as Equity Office Properties
15    Management Corp. and 60 SPEAR LIMITED
PARTNERSHIP

16

17

18

19

20

21

22

23

24

25

26

27

28

Greve
Clifford
Wengel
& Paras,
LLP

L:\nicole\My Files\NLS\JC\Schindler v. City of San Francisco\Pleadings\0530Answer.wpd
ANSWER TO CROSS-COMPLAINT OF FEDERAL RESERVE BANK OF SAN FRANCISCO

Page 4
(01394-15299)