Albert G. Stoll, Jr. SBN 164649
Stephen MacLean, SBN 184279
Courtney Cassinelli, SBN 242614
Albert G. Stoll, Jr. | A Law Corporation
55 Francisco Street, Suite 403
San Francisco, California 94133
Phone: (415) 576-1500
Fax: (415) 576-1501
E-mail: astoll@stoll-law.com

Attorneys for Plaintiff Mekhelya Schindler

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MEKHELYA SCHINDLER | CASE NO. CV 08-1324 JCS |
|---|---|
| Plaintiff, | JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, DEPARTMENT OF PUBLIC WORKS; FEDERAL RESERVE BANK; EQUITY OFFICE MANAGEMENT, LLC, and DOES 1 to 100, | Date:  July 18, 2008<br>Time:  1:30 PM<br>Courtroom:  A<br><br>Case Removed:  March 7, 2008 |
| Defendants. | |

The parties in the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

1. <u>Jurisdiction and Service</u>: The Complaint was originally filed in San Francisco State Superior Court on December 11, 2006. Defendant Federal Reserve Bank filed for Removal pursuant to 28 U.S.C. section 1441(b) and 12 U.S.C. 632 on January 18, 2008 and the two other defendants joined. The action was Ordered removed on March 7, 2008. All parties have been served and all parties have answered.

1

Joint Case Management Statement and Proposed Order
Schindler v. City San Francisco us District Court, Northern District Case No. CV 08-1324 JCS

2. <u>Facts</u>:  Plaintiff has sued three defendants; the City of San Francisco, and two property owners, Federal Reserve Bank and Equity Office Management.  The following factual issues are in dispute: How and why did plaintiff fall?  If plaintiff fell due to a defect in the sidewalk, which of the defects existed on the sidewalk at the time of Plaintiff's fall caused plaintiff to fall?  If plaintiff fell due to a defect in the sidewalk, who was responsible to repair the particular defect?  What injuries did plaintiff sustain as a result of the fall and what medical treatment was necessary?

3. <u>Legal Issues</u>:   Whose duty is it to maintain the sidewalk and does this duty extend to plaintiff?  Was the condition dangerous as a matter of law?  Did the City have notice of the dangerous condition?  Did the condition create a substantial risk of injury when used with due care?

4. <u>Motions</u>: There are no prior or pending motions.  The Defendants anticipate filing motions for summary adjudication and/or summary judgment on several grounds, including, but not necessarily limited to: 1) the lack of a direct duty to plaintiff by the private property owners; 2) the defect was not dangerous as a matter of law; 3) the lack of notice of the defect to the City; and 4) the City's right to indemnity by the adjacent private property owner pursuant to San Francisco Public Works Code section 706.

5. <u>Amendment of Pleadings</u>:     Amendment of the already-filed pleadings is not anticipated.  However, the City expects to file a cross-complaint against either the Federal Reserve Bank or Equity Office Management, once it is conclusively established which of the two entities owns the property adjacent to the alleged defect.

6. <u>Evidence Preservation</u>:      The sidewalk defect has been repaired since the incident.  Photographs have been produced by both plaintiff and Defendant City of San Francisco which show the sidewalk defect in question.

7. <u>Disclosures</u>:    Initial Disclosures have been made.

2

Joint Case Management Statement and Proposed Order
<u>Schindler v. City San Francisco</u> us District Court, Northern District Case No. CV 08-1324 JCS

8. <u>Discovery</u>:   Plaintiff's deposition has been taken and plaintiff has responded to both written interrogatories and produced all documents in his possession, including medical records and scene photographs. Three "Person Most Knowledgeable" depositions by Defendant City of San Francisco have been taken, and Defendant City of San Francisco has produced requested documents, including investigation reports, diagrams, and photographs. Further written discovery, especially to Federal Reserve Bank and defendant Equity Partners, as well as an unknown number of "Person Most Knowledgeable" depositions of each of those defendants, is anticipated.

9. <u>Class Action</u>: This is not a Class Action case.

10. <u>Related Cases</u>:   There are no other related cases.

11. <u>Relief</u>: Medical bills received and anticipated amount to approximately $19,000. Plaintiff will seek noneconomic damages proportionate to a torn shoulder and injured back in an amount of approximately $101,000.

12. <u>Settlement and ADR</u>: Mediation is anticipated to be productive, but not until further discovery clarifies exactly which party had liability for that section of the sidewalk where the incident took place. The parties request a mediation deadline at least 90 days after the case management conference.

13. <u>Consent to Magistrate Judge for All Purposes</u>:   The parties do consent to a magistrate judge.

14. <u>Other References</u>:   This case is not appropriate for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: The issue of duty to Plaintiff by private property owners to maintain the sidewalk could be dealt with via a motion for summary judgment or as a bifurcated issue prior to trial.

3

Joint Case Management Statement and Proposed Order
Schindler v. City San Francisco us District Court, Northern District Case No. CV 08-1324 JCS

16. <u>Expedited Schedule</u>:   Although plaintiff is 82 years old and entitled to have the case expedited, plaintiff will submit to the ADR process and normal time progression.

17. <u>Scheduling</u>:   The parties have met and conferred and request the following schedule:

| | |
|---|---|
| October 10, 2008: | Non-expert discovery cutoff |
| October 31, 2008: | Deadline expert disclosure |
| November 14, 2008: | Rebuttal expert disclosure |
| December 12, 2008: | Expert cutoff |
| January 30, 2009: | Summary Judgment filing deadline |
| March 6, 2009: | Summary judgment hearing |
| April 10, 2009: | Pretrial submissions |
| April 24, 2009: | Pretrial conference |
| May 11, 2009: | Trial |

18. <u>Trial</u>:   The defendants have requested a jury.  Case length estimated at 3-6 court days.

19. <u>Disclosure of Non Party Interest Entities or Persons</u>:      Plaintiff was a Medicare patient and will need to repay medical liens.

20. <u>Other Matters</u>: None.


Dated: July 8, 2008                                 Albert G. Stoll, Jr. | A Law Corporation


                                                    By: /s/ Stephen MacLean
                                                        Stephen MacLean
                                                        Attorneys for plaintiff Mekhelya Schindler

Dated: July 8, 2008                                 Kimberly A. Bliss, Deputy City Attorney


                                                    By: /s/ Kimberly A. Bliss
                                                        Kimberly A. Bliss
                                                        Deputy City Attorney for defendant San Francisco

                                                    Pursuant to General Order 45, §X.B., the filer of this document attests that he has received the concurrence of this signatory to file this document.

4

Joint Case Management Statement and Proposed Order
<u>Schindler v. City San Francisco</u> us District Court, Northern District Case No. CV 08-1324 JCS

| | | |
|---|---|---|
| 1 | Dated: July 8, 2008 | Joseph Costello & Associates |

By: /s/ Frances Yoshimura
Frances Yoshimura
Attorneys for defendant Federal Reserve Bank

Pursuant to General Order 45, §X.B., the filer of this document attests that he has received the concurrence of this signatory to file this document.

Dated: July 8, 2008                Greve, Clifford, Wengel & Paras, LLP

By: /s/ Julie M. Chopourian
Julie M. Chopourian
Attorneys for defendant Equity Partners

Pursuant to General Order 45, §X.B., the filer of this document attests that he has received the concurrence of this signatory to file this document.

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case, and the parties are ordered to comply with this Order.

Dated: _____                _____
                                     UNITED STATES DISTRICT/MAGISTRATE JUDGE

5

Joint Case Management Statement and Proposed Order
Schindler v. City San Francisco us District Court, Northern District Case No. CV 08-1324 JCS