DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Attorney
KIMBERLY A. BLISS, State Bar #207857
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3861
Facsimile:     (415) 554-3837
E-Mail:        kimberly.bliss@sfgov.org

Attorneys for Defendant and Cross-Defendant
CITY AND COUNTY OF SAN FRANCISCO[1]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MEKHELYA SCHINDLER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DEPARTMENT OF PUBLIC WORKS, FEDERAL RESERVE BANK, EQUITY PARTNERS, 60 SPEAR STREET, EOP-60 SPEAR, L.L.C., EQUITY OFFICE PROPERTIES MANAGEMENT CORP., and DOES 1 to 100, Inclusive,<br><br>　　　　　Defendants. | Case No.: 08-CV-01324 JCS<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO CROSS-COMPLAINT OF FEDERAL RESERVE BANK**<br><br>Removal Date:   March 7, 2008<br>Trial Date:     Not Set |
| --- | --- |
| FEDERAL RESERVE BANK OF SAN FRANCISCO,<br><br>　　　　　Cross-Complainant,<br><br>　vs.<br><br>60 SPEAR LIMITED PARTNERSHIP, a Delaware Limited Partnership, and MOES 1 THROUGH 20, inclusive<br><br>　　　　　Cross-Defendants. | |

---

[1] Erroneously sued herein as "Department of Public Works."

1

Defendant City and County of San Francisco ("Cross-Defendant") answers the unverified cross-complaint of cross-complainant the Federal Reserve Bank of San Francisco (the "Cross-complaint") as follows:

## FIRST CAUSE OF ACTION

### (Partial Indemnity)

1. Cross-Defendant lacks sufficient information to either affirm or deny these allegations and, on that basis, they are denied.

2. Cross-Defendant admits that plaintiff Mekhelya Schindler filed a complaint against Cross-Complainant and others on December 11, 2006. As to the remaining allegations of this paragraph, Cross-Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

3. Cross-Defendant admits that plaintiff's complaint alleges liability against the cross-complainant and other defendants for injuries he allegedly suffered after falling on November 13, 2005 on the sidewalk in the 100 block of Mission Street. As to the remaining allegations of this paragraph, Cross-Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

4. As to the allegations of this paragraph, Cross-Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

5. Cross-Defendant denies the allegations of this paragraph.

## SECOND CAUSE OF ACTION

### (Full Equitable Indemnity)

6. Cross-Defendant incorporates its prior responses.

7. Cross-Defendant admits that the Cross-Complainant had denied the allegations of the complaint. As to the allegations of this paragraph, Cross-Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

8. Cross-defendant denies the allegations of this paragraph.

## THIRD CAUSE OF ACTION

### (Declaratory Relief)

9. Cross-Defendant incorporates its prior responses.

10. Cross-defendant admits that a dispute exists between the Cross-Complainant and the Cross-Defendant regarding Cross-Complainants allegation that the Cross-Defendant is obligated to indemnify Cross-Complainant for any judgment, fees and costs Cross-Complainant incurs in defense of Plaintiff's claims. As to the allegations of this paragraph, Cross-Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

11. As to the allegations of this paragraph, Cross-Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

## FOURTH CAUSE OF ACTION

### Express Contractual Indemnity

### (Against Cross-Defendant 60 SPEAR LIMITED PARTNERSHIP Only)

12-18. The allegations of the paragraphs are not asserted against this Cross-Defendant and accordingly require no response. To the extent a response is required, Cross-Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

As respects the allegations on page 7, line 16 through page 8, line 5, Cross-Defendant denies that Cross-Complainant has been damaged in any sum or at all as consequence of any action by Cross-defendant, or the agents or employees of Cross-defendant, deny that Cross-Complainant are entitled to any relief at all, and deny any wrongdoing.

## AFFIRMATIVE DEFENSES

FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE CROSS-COMPLAINT, this answering cross-defendant alleges that each of Cross-Complainant's

Causes of Action in the cross-complaint do not state facts sufficient to constitute a cause of action against this answering cross-defendant.

FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE CROSS-COMPLAINT, this answering cross-defendant alleges that Cross-Complainant fails to set forth facts sufficient to state a cause of action due to a failure to comply with the claim requirements of the California Government Code.

FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE CROSS-COMPLAINT, this answering cross-defendant alleges that each and every allegation contained therein is barred by the statutes of limitation as set forth in the applicable Sections of the California Code of Civil Procedure, including, but not limited to, Section 342, and California Government Code section 945.6.

FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE CROSS-COMPLAINT, this answering cross-defendant alleges the provisions of the Tort Claims Act of the California Government Code as a measure of the duty of this answering cross-defendant.

FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE CROSS-COMPLAINT, this answering cross-defendant alleges that Cross-Complainant's causes of action are barred by Government Code sections 830 *et. seq*. governing "Dangerous Conditions of Public Property."

FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE CROSS-COMPLAINT, this answering cross-defendant alleges by way of a plea of comparative negligence that Cross-Complainant was negligent in and about the matters and activities alleged in the complaint and cross-complaint; that said negligence contributed to and was a proximate cause of plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if cross-complainant is entitled to recover damages against this cross-defendant by virtue of said cross-complaint, this cross-defendant prays that the recovery be diminished or extinguished by reason of the negligence of the cross-complainant in proportion to the degree of fault attributable to the cross-complainant.

FOR AN SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE CROSS-COMPLAINT, this answering cross-defendant alleges that the fault of persons other than this cross-defendant contributed to and proximately caused the occurrence; and that under the principles formulated in the case of <u>American Motorcycle Association v. Superior Court</u> (1978) 20 Cal.3d 578, this cross-defendant prays that the percentage of such contribution be established by special verdict or other procedure, and that this cross-defendant's ultimate liability be reduced to the extent of such contribution.

FOR A EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE CROSS-COMPLAINT, this answering cross-defendant alleges that the cross-complaint is barred by the following provisions of the California Tort Claims Act:  Government Code Sections:  815; 815(b); 815.2; 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 850; 850.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4.

FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE CROSS-COMPLAINT, this answering cross-defendant alleges that cross-complainant has failed to take reasonable steps to mitigate its alleged damages.

FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE CROSS-COMPLAINT, this answering cross-defendant alleges that the condition complained of in the complaint is not, and was not, a dangerous condition of public property within the meaning of sections 830 and 830.2 of the Government Code, and did not create a substantial risk of injury when such property was used with due care and in a manner in which it was reasonable foreseen that it would be used.

FOR A ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE CROSS-COMPLAINT, this answering cross-defendant alleges that as a matter of law the risk created by the subject condition was of such a minor, trivial and insignificant nature in view of the surrounding circumstances that no reasonable person could conclude that the situation

created a substantial risk of injury when the subject property was used with due care and in a manner in which it was reasonable foreseen that it would be used.

FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE CROSS-COMPLAINT, this answering cross-defendant pleads and alleges that it was without actual or constructive notice of the defect of which complainant complains, that the alleged defect was not caused by an act or omission of a City agent or employee, and that the cost of operating and maintaining an inspection system that would have been adequate to discover the alleged defect would have been unreasonably expensive and impractical in relation to the risk involved.

FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE CROSS-COMPLAINT, this answering cross-defendant alleges that plaintiff has failed to file a timely claim as required by California Government Code §910, *et seq*. and other applicable provisions of law, and this Court therefore has no jurisdiction of the action and the action is barred by law.

FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE CROSS-COMPLAINT, this answering cross-defendant alleges that plaintiff's injuries were caused by the negligence or other act or omission of third parties, and cross-defendant is entitled to equitable and/or statutory indemnity from such third parties.

Dated: July 17, 2008

>
> DENNIS J. HERRERA
> City Attorney
> JOANNE HOEPER
> Chief Trial Attorney
> KIMBERLY A. BLISS
> Deputy City Attorney
>
>
> By:_____/s/_____
>       KIMBERLY A. BLISS
>
> Attorneys for Defendant and Cross-defendant
> CITY AND COUNTY OF SAN FRANCISCO