DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
KIMBERLY A. BLISS, State Bar #207857
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3861
Facsimile:    (415) 554-3837
E-Mail:       kimberly.bliss@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEKHELYA SCHINDLER,<br><br>            Plaintiff,<br><br>    vs.<br><br>DEPARTMENT OF PUBLIC WORKS, FEDERAL RESERVE BANK, EQUITY PARTNERS, 60 SPEAR STREET, EOP-60 SPEAR, L.L.C., EQUITY OFFICE PROPERTIES MANAGEMENT CORP., and DOES 1 to 100, Inclusive,<br><br>            Defendants.<br><hr>FEDERAL RESERVE BANK OF SAN FRANCISCO (sued herein as FEDERAL RESERVE BANK),<br><br>            Cross-Complainant,<br><br>    vs.<br><br>60 SPEAR LIMITED PARTNERSHIP, a Delaware Limited Partnership, and MOES 1 THROUGH 20, inclusive<br><br>            Cross-Defendants. | Case No.: 08-CV-01324 JCS<br><br>**CROSS-COMPLAINT OF CITY AND COUNTY OF SAN FRANCISCO**<br><br>**1. Statutory Indemnity**<br>**2. Equitable Indemnity**<br>**3. Apportionment**<br>**4. Declaratory Relief**<br><br>Removal Date:    March 7, 2008<br>Trial Date:      Not Set |

CITY AND COUNTY OF SAN FRANCISCO,

   Cross-Complainant,

 vs.

FEDERAL RESERVE BANK OF SAN FRANCISCO, and Roes 1-20,

   Cross-Defendant.

COMES NOW defendant and cross-complainant City and County of San Francisco ("San Francisco") and alleges against cross-defendant FEDERAL RESERVE BANK OF SAN FRANCISCO and Roes 1-20 as follows:

## FIRST CAUSE OF ACTION

### (Statutory Indemnity Pursuant to Public Works Code Section 706)

1. At all times mentioned herein, San Francisco was and is a municipal corporation existing under the laws of the State of California.

2. San Francisco is informed and believes and thereupon alleges that at all times relevant hereto, cross-defendant Federal Reserve Bank of San Francisco is a private member-owned banking authority which is governed by the Federal Reserve. The Federal Reserve Bank of San Francisco is headquarted in San Francisco, California and conducts business in California.

3. The true names and capacities, whether individual, corporate, associate or otherwise of cross-defendants Roes 1-20, inclusive, are unknown to San Francisco, who therefore sues such cross-defendants by such fictitious names. San Francisco is informed and believes and thereupon alleges that each of the cross-defendants designated herein as a Roe is negligently, legally, statutorily, vicariously, strictly liable in tort, or responsible in some manner for the events and happenings herein referred to, and caused, or is responsible in some proportion for damages caused proximately thereby to plaintiff herein, if any there were. San Francisco will ask leave to amend this cross-complaint to show the true names, capacities, nature of responsibilities, and amount of

1  proportional share of fault of such cross-defendants so fictitiously named whenever the same shall
2  have been ascertained.  San Francisco will further seek leave to include appropriate charging
3  allegations as to such cross-defendants.

4      4.    At all times herein mentioned, each cross-defendant was an agent, servant,
5  employee, partner and joint venturer of the other cross-defendants, and each of them.  At all such
6  times, each cross-defendant was acting within the course and scope of his or her relationship as
7  agent, servant, employee, partner and joint venturer of the other cross-defendants, and each of them.

8      5.    On or about December 11, 2006, plaintiff Mekhelya Schindler ("Plaintiff") filed and
9  subsequently served on San Francisco a complaint entitled <u>Mekhelya Schindler v. City and County
10 of San Francisco, Federal Reserve Bank and Equity Partners, and Does 1-90</u>, San Francisco
11 Superior Court Case Number 458615 ("Complaint").  Without admitting the allegations set forth
12 therein, Plaintiff's complaint is incorporated herein by reference solely for illustrative purposes.

13     6.    On March 7, 2008, defendant Federal Reserve Bank filed a Notice of Removal,
14 removing this action from the San Francisco Superior Court to the United States District Court for
15 the Northern District of Califonia, Case No. CV08-1324 CVS.

16     7.    San Francisco is informed and believes and thereon alleges that in the event Plaintiff
17 should establish liability on the part of San Francisco, which liability is expressly denied, Cross-
18 defendants, and each of them, are obligated to defend and indemnify San Francisco, pursuant to
19 Public Works Code Section 706 and any other applicable sections of the San Francisco Public
20 Works Code.

21     8.    San Francisco alleges that Cross-defendants, and each of them, negligently and
22 carelessly owned, managed, controlled, maintained, operated, supervised, repaired, designed,
23 manufactured, and entrusted the sidewalk and/or curb area fronting their property in violation of
24 Public Works Code Sections 706, so as to proximately cause the injuries, if any, of which Plaintiff
25 complains.

26     9.    San Francisco has incurred expenses in the form of attorney's fees, court costs and
27 other litigation expenses to defend against Plaintiff's Complaint and, as a result, San Francisco is
28 entitled to recover from Cross-defendants, and each of them, such reasonable attorney's fees, court

1  costs and other litigation expenses necessarily incurred in defending against Plaintiff's Complaint.
2  The amount of such expenses is unknown at this time, and San Francisco prays for leave to amend
3  this cross-complaint when the same has been ascertained, to the extent that such amendment is
4  necessary.

5      WHEREFORE, San Francisco is entitled to relief from Cross-defendants, and each of them,
6  as set forth below.

## SECOND CAUSE OF ACTION

**(Implied Equitable Indemnity Against All Cross-defendants)**

9      10.    San Francisco incorporates by reference the allegations set forth in paragraphs 1
10 through 9, above.

11     11.    San Francisco at all times denies any and all liability in connection with Plaintiff's
12 Complaint and Plaintiff's claims against it, and in the event Plaintiff establishes liability on the part
13 of San Francisco, San Francisco alleges that Cross-defendants, and each of them, negligently and
14 carelessly owned, managed, controlled, maintained, repaired, operated, designed, manufactured,
15 and/or entrusted the location, property, and/or premises at issue therein, so as to proximately cause
16 the injuries and/or damages, if any, of which Plaintiff complains.

17     12.    If Plaintiff sustained injuries and/or damages, it was the direct result of the
18 negligence, carelessness, acts and omissions of Cross-defendants, and each of them.

19     13.    In the event San Francisco is held liable based upon the allegations in Plaintiff's
20 Complaint, such liability arises only by reason of the active and primary negligence of Cross-
21 defendants, and each of them, and through no fault of San Francisco, whose fault, if any, is
22 secondary and passive only.

23     WHEREFORE, San Francisco is entitled to relief from Cross-defendants, and each of them,
24 as set forth below.

## THIRD CAUSE OF ACTION

**(Equitable Contribution/Apportionment of Fault Against All Cross-defendants)**

27     14.    San Francisco incorporates by reference the allegations set forth in paragraphs 1
28 through 13, above.

15. Plaintiff's damages, if any, were caused at least in part by the negligence and carelessness of the Cross-defendants, and each of them, and as under the rules of comparative negligence, San Francisco is entitled to equitable indemnity and equitable contribution for the amount of negligence attributable to Cross-defendants, and each of them.

16. San Francisco is informed and believes and thereon alleges that in the event any party to this action should establish any liability on the part of San Francisco, which liability is expressly denied, San Francisco may be obligated to pay sums representing a proportion or percentage of fault not San Francisco's own but that of Cross-defendants, and other parties to this action. Therefore, San Francisco requests an adjudication and determination of the respective proportions or percentages of fault, if any, on San Francisco's part and on the part of the Cross-defendants, and each of them, and all other parties to this action, so as to determine that portion of the amount, if any, by which San Francisco is found liable to such party that actually represents the proportion or percentage of fault of Cross-defendants, and each of them and all other parties to this action.

17. A determination of the respective proportion or percentage of fault, if any, of San Francisco and the Cross-defendants, and each of them, and other parties to this action is necessary to protect San Francisco's rights.

WHEREFORE, San Francisco is entitled to relief from Cross-defendants, and each of them, as set forth below.

## FOURTH CAUSE OF ACTION

**(Declaratory Relief Against All Cross-defendants)**

18. San Francisco incorporates by reference the allegations set forth in paragraphs 1 through 17, above.

19. On March 5, 2008, the City tendered defense and indemnity in this action to the Federal Reserve Bank of San Francisco. The Federal Reserve Bank of San Francisco refused to accept the City's tender of defense and indemnity by letter dated March 25, 2008. Thus, an actual controversy has arisen and now exists between San Francisco and Cross-defendants, and each of

them, in that San Francisco asserts that Cross-defendants, and each of them, are liable and at fault, and Cross-defendants, and each of them, deny such liability and fault.

20. A determination of the respective proportion or percentage of fault, if any, of San Francisco and the Cross-defendants, and each of them, and other parties to this action is necessary to protect San Francisco's rights.

WHEREFORE, San Francisco is entitled to relief from Cross-defendants, and each of them, as set forth below.

1. That if San Francisco is found liable on Plaintiff's Complaint, San Francisco have judgment against Cross-defendants, and each of them, in the amount of its liability;

2. That if San Francisco is found liable on Plaintiff's Complaint, San Francisco have equitable contribution from Cross-defendants, and each of them, in proportion to the amount of negligence attributable to Cross-defendants, and each of them;

3. For a judicial declaration as to the rights of indemnity and/or contribution owing to San Francisco by Cross-defendants, and each of them;

4. For costs of suit and expenses incurred in the defense of this litigation, including reasonable attorneys' fees;

5. For prejudgment interest at the legal rate through the date of payment by Cross-defendants, and each of them; and

6. For such further relief as this Court deems just and proper.

Dated: July 17, 2008

                                  DENNIS J. HERRERA
                                  City Attorney
                                  JOANNE HOEPER
                                  Chief Trial Attorney
                                  KIMBERLY A. BLISS
                                  Deputy City Attorney


                          By:      /s/ Kimberly A. Bliss
                                  KIMBERLY A. BLISS

                                  Attorneys for Defendant and Cross-Defendant
                                  CITY AND COUNTY OF SAN FRANCISCO